May Term, 1859.

HARGUS
v.
GOODMAN.

(1) Twenty-five cases were dismissed on the 93d day of this term, for the same reasons.

———————•◦•———————

HARGUS *v.* GOODMAN and Others.

A recovery in an action for trespass commenced before a justice of the peace, and upon the title of the land being put in issue, removed to a Court having jurisdiction—no judgment having been rendered touching such title further than it might be supposed to enter into the determination of the action of trespass, and no determination of that issue having been necessary to enable the Court to render the judgment—is no bar to an action of ejectment.

APPEAL from the *Daviess* Circuit Court.

*Tuesday, June 28.*

HANNA, J.—*Hargus* brought suit to set aside a deed of conveyance and obtain a partition of a tract of land. He avers, in substance, that, in 1808, his father purchased of the *United States*, under the laws then in force, a certain tract of land, and paid thereon 121 dollars, 26 cents; that afterwards he paid 109 dollars, 13 cents, but failing to complete the payments thereon, the land reverted to the *United States;* that his father died leaving five heirs, of whom *John Hargus* was the eldest; that aftewards, on the 27th day of *November*, 1828, said *John* procured to be issued to himself and the other heirs of the said *Thomas Hargus* a certificate of the said forfeited land stock No. 1,960, for 229 dollars, 33 cents, the amount which had been paid, &c.; that on the next day, with intent to defraud, &c., he entered, with a part of said certificate, the land now in controversy, in the name of his infant son, *Thomas Hargus*, jun., and sold and appropriated the balance of said certificate to his own use; that the said land was purchased with the money of the elder *Hargus*, and descended to his five children; that plaintiff had purchased two other

interests, and was entitled to three-fifths thereof; that *John Hargus* is now dead, but that in his lifetime he represented to plaintiff that he had entered said land in the name of their father, *Thomas Hargus;* that plaintiff, as one of the heirs of said *Thomas*, entered upon and took possession of said land in 1829, with the consent of said *John*, has continued in possession and paid the taxes thereon; that neither said *John*, nor his said son *Thomas*, jun., ever asserted or pretended they held any other title to said land than as heirs of *Thomas*, sen., until about the time said *Thomas*, jun., conveyed the same to the defendant, *Goodman*, to-wit, in 1855; that said *Thomas*, jun., and said *Goodman*, had full notice, &c.

The defendant, *Goodman*, filed an answer of several paragraphs, the fifth of which averred that at the *August* term, 1855, of said Court, an action was pending and determined, wherein said *Goodman* was plaintiff, and said *William Hargus* and one *Abraham Hargus* were defendants, in which said *William* pleaded that the same three-fifths of said land was the property, &c., of said *William*, and that he held the same as a tenant in common with the heirs of *Thomas Hargus*, sen., which was denied by the said *Goodman*, and an issue was thereby formed material in said cause then pending, which was tried and found for *Goodman* and against said *Hargus*, &c., and that the questions of title and tenancy in common in said land were then determined, and are the same in this case to be tried, &c.; wherefore, he is estopped, &c.

The reply to this was, that said action was a mere possessory action against the present plaintiff, for entering upon and cutting timber on said land; and the Court, in that action, merely found the defendant guilty of trespass on the premises, and assessed his damages at four dollars. " And the plaintiff in fact avers that the Court, in that case, did not receive the evidence of the defendant's title in said cause, nor find nor pass upon the legal title of this plaintiff to said lands, now set up in this suit;" wherefore, &c.

To this reply there was a demurrer, assigning two causes—

1. That it does not state facts sufficient, &c.

2. That the plaintiff attempts to traverse facts, which, in said answer, are averred and pleaded as matters of record, without denying the existence of the record.

The demurrer was sustained. Judgment for the defendant. Upon this arises the only question in the case.

In *White* v. *Mosely*, 5 Pick. 230, an action of trespass was brought for "breaking and entering the plaintiffs' close, called the mill lot, and destroying their mill-dam, standing in and extending across a river, by reason whereof," &c. It was shown on the trial that the plaintiffs, although their dam extended across the stream to the south side, were the owners only to the thread of the stream. The dam was broken south of that line, but the trespassers then went upon the mill lot, for which last act nominal damages were recovered, but the plaintiffs were not permitted to prove the breaking, &c. Afterwards, another action was brought for the breaking and trespass to the dam on the south end, to which, among other things, a plea of former suit and recovery was filed, to which it was replied that the former suit was not for the same cause of action; upon this issue was taken. There was no evidence on that issue other than the former record, and an admission that the act complained of in the former suit, for which damages were given, was the passing over the mill lot by the defendants after they had returned from the south side of the river, where they had destroyed a part of the dam. It was held that the former suit and recovery was no bar to the latter. Same parties, 8 Pick. 356.

In Swift's Evidence, p. 17, it is said that "Where the cause and object of both actions are the same, a judgment in the prior bars the subsequent suit. Where the cause or object of the actions are different, though the point in dispute is the same in both, the prior judgment is no bar to the subsequent action, but the verdict is matter of evidence to prove such point." Upon this, in the edition of 1859, of Phillips on Evidence, after much comment, in note 261, vol. 2, p. 19, it is said that, "Indeed, the principle will be found to run through nearly all the

*American* cases, that the judgment of a Court of competent jurisdiction, directly upon a particular point, is, as between the parties, conclusive in relation to such point, though the purpose and subject-matter of the two suits be different; and hence, that a judgment may not only be evidence, but conclusive evidence, and still be no bar to the action." 3 Cow. 120.—4 Wend. 284.—1 Conn. R. 1. —5 *id.* 550.—16 Serg. and Rawle, 282.

But whenever "a question is made respecting the identity of the matters litigated in the first suit, parol evidence is admissible to show what transpired on the former trial, and thus explain the record." 2 W. Black. 827.—6 T. R. 607.—8 Pick. 118.—3 *id.* 429.—8 Wend. 9.—4 Cow. 559. —3 *id.* 120.

"If the record show that the first suit was apparently for the same cause of action sought to be litigated in the second, it will be *prima facie* evidence that such cause of action has once passed in *rem judicatum;* and hence, the onus will devolve upon the party against whom the record is used to show the contrary." 2 Johns. 227.—16 *id.* 136. —2 Blackf. 178.—7 Cranch, 565.—3 Barn. and Cress. 239.

"Indeed, this principle of admitting evidence *aliunde,* to explain a record of a former suit, and identify the matters to which it relates, would appear to be indispensable to the efficient administration of justice." *Id.* 22. "Whether any matter has been tried between the same parties, and decided before, is a fact depending in part on parol evidence, and partly on the record." *Id.* 22.—16 Serg. and Rawle, 282.—9 *id.* 81.—2 Stark. Ev. 200.—6 Durnf. and East, 607.—3 Barn. and Cress. 239.—7 Ind. R. 546.—3 *id.* 248.—*The State* v. *Brutch,* at this term (1).

These principles appear to be subservient to another, and that is, if the point in issue in the subsequent suit, was in issue, either directly or indirectly, and essential to the finding and judgment in the former suit, then that judgment ought to be considered as a bar.

In the case at bar, the former recovery set up in the plea, was in a suit originally instituted before a justice of the peace, where the title to lands could not be tried, but

it is alleged that it was put in issue, and, upon the removal of the cause to a Court having jurisdiction, was there tried and determined. No judgment was rendered relative to such title, any further than it may be supposed to enter into the trial and conclusion of that action of trespass. It is evident that it was not the object of that suit to try the question of title, otherwise the suit would have been brought in a Court having jurisdiction to try the question. But it was put in issue, and we are of opinion that the determination of that issue was not necessary to have enabled the Court to come to the conclusion and render the judgment that was rendered in the case.

Without stopping, therefore, to determine whether a plea of former recovery, in an action of trespass in the form here laid, is, in any case, a good bar to a subsequent suit, in the nature of an action of ejectment, we are of opinion that, as the original object of the former suit was not to try the title to the land, and as it was not necessary for the Court to decide as to the title, to justify the finding and judgment therein rendered, the defendant had a right, in the present suit, to plead that evidence was not heard upon the issue of title, nor did the Court find upon that issue.

It follows that the demurrer to the reply should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. L. Livingston* and *O. H. Smith*, for the appellant.

(1) *Ante*, 381.