THE INDIANAPOLIS AND CINCINNATI RAILROAD CO. v. CLARK.

AMENDMENT.—On appeals from justices to the Common Pleas or Circuit Courts, it is competent for the latter Courts, under the code, § 97, to permit amendments to be made to the complaint, and to charge the party amending with the costs of the amendment only, unless the cause is delayed by reason of the amendment.

FORMER RECOVERY.—If the testimony offered in the second suit is sufficient to authorizes a recovery, but could not have authorized a recovery in a former suit, the failure of the plaintiff in the former is no bar to their recovery in the second suit, although it is for the

The Indianapolis and Cincinnatti R. R. Co. v. Clark.

same cause of action for which they attempted to recover in the former suit. If the former suit, upon the trial of it, had a wider range than the pleadings in it indicated, such fact might, under appropriate issues, be shown by parol proof.

APPEAL from the *Ripley* Circuit Court.

WORDEN, J.—This was an action by *Clark* against the company for killing an ox on the road where it was not fenced. The suit was instituted before a justice of the peace and appealed to the Circuit Court, where, upon trial by the Court, there was a finding and judgment for the plaintiff. A demurrer to the complaint had been filed before the justice, and was by him overruled. In the Circuit Court the plaintiff, on leave obtained, amended his complaint by alleging that the ox was killed at a point on the road where it was not fenced. Thereupon the defendant moved the Court to tax against the plaintiff all the costs that had accrued in the case since the overruling of the demurrer by the justice, but this motion was overruled, and the Court taxed the plaintiff with the costs of the amendment merely. This ruling is complained of as erroneous. It does not appear that the trial of the cause was delayed by reason of the amendment, and in such case no other than the costs of leave to amend are to be taxed. Code, § 97. There was no error in this ruling.

On the trial, the defendant offered in evidence to show a former recovery, the transcript of a judgment of a justice of the peace, by which it appeared that, before the commencement of this suit, the plaintiff had instituted a suit against the defendant on the following cause of action, viz:

"*Richard Clark*, plaintiff, complains of the *Indianapolis and Cincinnati Railroad Company*, defendants, and says that the defendant is indebted to him in the sum of seventy dollars for an ox and two hogs, killed by the cars of said defendant

in the month of *August* or *September*, 1859, of the value of 70 dollars, for which he demands judgment.

"RICHARD CLARK."

The defendant appeared to the action, and on trial had, the justice, after hearing the evidence and argument of counsel, adjudged that the case be dismissed at the plaintiff's costs.

It appeared by the agreement of parties that the former suit was for the killing of the same ox, for the killing of which the present suit was brought. The question arises, whether the former suit is a bar to the present.

The complaint in the former suit seems to be based upon the common law liability of the defendant to pay for stock carelessly or negligently killed, and it may be doubtful whether it was sufficient for that, even before a justice of the peace, inasmuch as no carelessness or negligence was averred. It is clear enough that under that complaint the plaintiff could not have recovered on the statutory ground that the defendant was liable for stock killed on the road where it was not fenced, without reference to the question of negligence. In a suit based upon the statute the complaint must aver that the road was not fenced at the place, &c., and this rule is as applicable to suits before justices as in other courts. In the former suit before the justice, suppose the same facts had appeared that appear in the present, viz: that the ox in question was killed by the cars of the company at a point where the road was not fenced, no negligence being shown, and what would have been the result? The plaintiff must have gone out of Court, unless indeed he had got leave to amend his complaint, because the facts proven would not have sustained the cause of action he had attempted to make on paper. He attempted to state a common law cause of action, and his proof would have shown a different one altogether; one de-

pending upon the statute, within the requirements of which the case as stated in the complaint did not come.

Now, the following point has been decided by this Court: "It is only where the same question has been determined that a former judgment is a bar. If the testimony offered in the second suit is sufficient to authorize a recovery, but could not have produced a different result in the first suit, the failure of the plaintiffs in the one suit is no bar to a recovery in the other, although it is for the same cause of action for which they attempted to recover on the first suit." *Kirkpatrick* v. *Stingley*, 2 Ind. 269; *vide,* also, to the same effect, note and references to American cases appended to the case of *Guest* v. *Warren*, 26 Eng. L. & E. R. 381; *Hargus* v. *Goodman*, 12 Ind. 629.

Applying this doctrine to the case before us, it is clear that the former judgment is no bar, because the evidence offered in this suit, although sufficient to sustain it, would not have sustained the former one for reasons above indicated.

It does not appear by the complaint in the former suit that any question was involved as to the liability of the company for killing the ox on account of their road not being fenced, but supposing that under the complaint such liability might have been drawn in question, whether it was so drawn in question was a matter of fact which might have been shown by parol proof, and the record showing no such proof, we can not presume that any such question was adjudicated in the former case. See *Hargus* v. *Goodman, supra.*

*Per Curiam.*—The judgment is affirmed, with costs.

*John S. Scobey* and *Will. Pound,* for the appellant.

*Oscar B. Hord* and *Cortez Ewing,* for the appellee.

NOTE.—Judge *Davison* did not participate in the decision of the above entitled cause, having been a stockholder in the company. The decision herein was rendered on the 29th of *January*, 1863, but was, by mistake, omitted from 19 Ind. R.