THE INDIANAPOLIS, PITTSBURGH AND CLEVELAND RAILROAD
COMPANY v. BRUCEY.

RAILROADS—PLEADING.—A complaint against a railroad company for stock killed by the machinery of the company, will be bad, even after verdict, if it fail to aver negligence, or that the road was not fenced.

APPEAL from the *Hancock* Common Pleas.

HANNA, J.—Suit commenced before a justice, to recover the value of two cows, killed by the rolling stock of said company. The complaint averred that the said cows were unlawfully killed, &c., but did not aver negligence, nor that the road was not fenced. There was no objection taken to the complaint before the justice, nor until after trial on appeal.

The evidence is in the record, and shows that the road was not securely fenced. The evidence on that point was objected to as irrelevant to the issue, but admitted. A motion in arrest, for want of sufficient complaint, was overruled. These two rulings, perhaps, properly present the point urged here, namely, that the suit was not properly commenced, under the statute of 1853, in reference to the liability, in the absence of negligence, of roads not fenced.

The real question presented, then, is, whether the complaint, filed before the justice, was sufficient after verdict.

This question has been already passed upon by this Court. The objection that there was a want of jurisdiction, or of a cause of action, may be raised on appeal. *The President, &c. Co.* v. *Smith*, 19 Ind. 42.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*John Davis*, for the appellant.
*David S. Gooding*, for the appellee.