*Williamson & Daggy*, for appellee.

---

THE TOLEDO AND WABASH RAILWAY COMPANY v. LURCH.

CAUSE OF ACTION.—This suit was brought upon the following complaint, viz:

"*The Toledo and Wabash Railway Company*

To *Emanuel F. Lurch*, Dr.

"1861, *November.* To one cow, killed by your locomotive, within *Clinton* township, *Cass* county, *Indiana*, $50."

*Held*, to be no cause of action.

APPEAL from the *Cass* Common Pleas.

PERKINS, J.—*Lurch* sued the *Toledo, etc., Railroad Company* upon the following cause of action:

" *The Toledo, etc., Railroad Company*

To *Emanuel F. Lurch, Dr.*

"1861, *November.* To one cow, killed by your locomotive, within *Clinton* township, *Cass* county, *Indiana*, $50."

The evidence on the trial was that a cow of the plaintiff was found dead near the track of the railroad, with marks on her, indicating that she had been killed by a locomotive; that she was worth $20; was killed, in the fall of 1861, at a crossing of a common road and the railroad of said company, where the railroad was not fenced.

The judgment in this cause must be reversed, because the cause of action filed is no cause of action, even were the evidence sufficient to sustain a good cause of action.

It is not a cause of action under the statute, because it does not aver that the road was not fenced.

It is not a cause of action in tort, at common law, because it does not aver negligence. *Thayer* v. *The St. Louis, etc. Railroad Company,* 22 Ind. 26. *The Indianapolis, etc. Railroad Company* v. *Brucey,* 21 Ind. 215. Also, *Same Company* v. *Clark,* 21 Ind. 150.

It is not a cause of action in assumpsit on waiver of the tort, because it does not aver that the railroad company made use of the dead cow, or derived any benefit from killing her, or made any promise to pay. *The Indianapolis, etc. Company* v. *Ballard,* 22 Ind. 448.

*Per Curiam.*—The judgment reversed, with costs, and cause remanded.

*W. Z. Stuart,* for appellant.

*Daniel D. Pratt* and *Daniel P. Baldwin,* for appellee.