TOLEDO AND WABASH RAILWAY COMPANY v. REED.

RAILROAD COMPANIES—LIABILITY FOR STOCK KILLED.—Where an action was brought before a justice upon a complaint for "one cow, killed by your locomotive, in *Clinton* township, *Cass* county, *Indiana*," it was held inadmissible to prove that the road of the company was not fenced.

APPEAL from the *Cass* Circuit Court.

WORDEN, J.—Action by *Reed* against the company, before a justice of the peace, for killing stock, and appeal to the Circuit Court. Trial, finding, and judgment for the plaintiff.

The following is the cause of action on which the trial was had:

" *The Toledo and Wabash Railway Company*
*To Michael Reed, Dr.*

" *May*, 1860. To three hogs, killed by your locomotive, within *Clinton* township, *Cass* county, *Indiana*.................................................$20 00

*November*, 1861. To one cow, killed by your locomotive, within *Clinton* township, *Cass* county, *Indiana*,".......................................... 40 00
_____
$60 00

On the trial the plaintiff was permitted to prove, over the objection of the defendant, that the railway was not fenced at the point where the cow was killed. The objection was made on the ground that the evidence was irrelevant to the pleadings and issues; but wherein so irrelevant was not pointed out. Exception was taken to the ruling, and a new trial moved for on that among other grounds.

It will be seen that the action was not based upon the statutory liability of a railway company to pay for stock killed where the road is not fenced. The evidence was entirely inadmissible, as was settled in the case of *The Indianapolis and Cincinnati Railroad Company* v. *Clark*, 21 Ind. 150. We think that the objection that the evidence was irrelevant was sufficient. It will not be supposed that the court was ignorant of the nature of the cause of action which was being tried. Whether the road was fenced or not was a question that was not involved in the case, and

hence evidence on that subject was entirely irrelevant. Independent of the evidence that the road was not fenced, there was no evidence to sustain the finding; no negligence being shown, even if that could be shown under the complaint.

*Per Curiam.*—The judgment below is reversed, with costs, and the cause remanded.

*W. Z. Stuart,* for appellant.

*Daniel D. Pratt* and *Daniel P. Baldwin,* for appellee.