The Toledo, Wabash, and Western Railway Company v. Weaver.

PLEADING.—*Railroad.*—*Injury to Animals.*—A complaint in an action commenced before a justice of the peace against a railroad company, to recover for the killing or injuring of an animal by a passing train of cars, must either contain an allegation of negligence on the part of those in charge of the train, or aver that the road was not fenced, and must allege that the train belonged to said company or was being run over its road.

APPEAL from the Tippecanoe Circuit Court.

BUSKIRK, J.—The appellee filed before a justice of the peace of Tippecanoe county a complaint against the appellant, in the following words:

"Bulah W. Weaver complains of the Toledo, Wabash, and Western Railway Company, and says that on the 27th day of June, 1868, the No. four express train running east did run over and kill one work ox, of the value of forty-five dollars, and, at the same time and place, cripple one two-year-old heifer to the damage of fifteen dollars; wherein the plaintiff claims judgment for sixty dollars, and damages for loss and use of said work ox at fifty cents per day, one hundred and nine days    -    -    -    -    -    -    $54.50.

(Signed)                            BULAH W. WEAVER."

The appellant did not appear before the justice of the peace. There was a default and assessment of the damages. The appellant appealed to the circuit court. The circuit court, on motion of appellant, struck out of the complaint all that relates to the loss and use of the work ox, and refused to dismiss the action. There was a trial by the court, a finding for appellee, motion for a new trial made and overruled, to which ruling an exception was taken. There was a motion in arrest of judgment, which was overruled, and to this ruling an exception was taken. The evidence is in the record. The motion in arrest of judgment presents for our consideration the sufficiency of the complaint. The complaint is fatally defective. It is not good at common law,

because there is no allegation of negligence on the part of those in charge of the train. In a common law action of this character, it is esential under any system of pleading that so material a fact as the negligence and carelessness of the defendant should be expressly averred. *Indianapolis, &c., R. R. Co.* v. *Clark*, 21 Ind. 150; *Indianapolis, &c., R. R. Co.* v. *Brucey*, 21 Ind. 215; *Thayer* v. *The St. Louis, &c., R. R. Co.,* 22 Ind. 26; *The Toledo, &c., R. W. Co.* v. *Reed*, 23 Ind. 101.

The complaint is not a good cause of action under the statute, because it does not aver that the road was not fenced. *The Toledo, &c., R. W. Co.* v. *Reed, supra; Indianapolis, &c., R. R. Co.* v. *Brucey, supra; The Toledo, &c., R.W. Co.* v. *Lurch,* 23 Ind. 10.

The complaint is also bad because it does not allege that the train which it was alleged ran over and killed the cattle belonged to the appellant, or was being run over its road. The motion in arrest should have been sustained.

Judgment reversed, with costs, and cause remanded, with directions to sustain the motion in arrest of judgment.

*W. Z. Stuart,* for appellant.

*G. O. & A. O. Behm,* for appellee.