## THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY *v.* CORY.

RAILROAD.—*Killing Cattle.*—*Negligence.*—In an action against a railroad company for the killing of cattle by the cars, where the suit is founded on the statute, and the liability of the company is based solely on a failure to fence the track, the question of contributory negligence does not arise; and if cattle are killed or injured at a point on the railway where the company could lawfully fence the track, and it was not fenced, the company is liable.

SAME.—In such action, the question, whether the railroad company has securely fenced the track, is a question of fact, to be determined by the jury.

APPEAL from the Wabash Circuit Court.

BUSKIRK, C. J.—This was an action by the appellee against the appellant, to recover the value of two cows, which it was alleged had been killed on the track of appellant's road, by an engine and train of cars.

The appellant demurred to the complaint, upon the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and the appellant excepted.

The appellant answered in four paragraphs. The appellee replied by a denial to the second, third, and fourth paragraphs of the answer.

There was a trial by a jury; verdict for appellee; motion for a new trial made, motion overruled, and an exception taken.

The first error assigned involves the correctness of the ruling of the court in overruling a demurrer to the complaint. The complaint, omitting the formal parts, was as follows:

"Plaintiff complains of defendant, and says, that heretofore, to wit, in the month of August, 1865, a part of defendant's road and road bed was situated in section 9, township 27, north of range 6 east, in Wabash county, Indiana; and that a portion or parcel of land in said section, lying adjacent to said road and road bed, which the defendant of right could, and by law should, have fenced, but which was not fenced, and was knowingly and wilfully left unfenced by said defendant; and that in consequence of the negligence of said defendant in not fencing said part of said road, the plaintiff's cattle, to wit, two cows of the value of one hundred dollars each, went on said road of defendant, and were then and there fatally injured by being struck and knocked from the track of said road by defendant's locomotive and cars, to the great damage of said plaintiff, to wit, two hundred dollars; and the plaintiff demands judgment for that sum, and other proper relief," etc.

The learned counsel for appellant virtually concedes that the complaint is good, but suggests whether it should not be more particular as to the failure to fence. We think the complaint was good. *The Toledo and Wabash Railway Company* v. *Lurch*, 23 Ind. 10; *The Toledo, Wabash, and Western Railway Company* v. *Weaver*, 34 Ind. 298.

The court committed no error in overruling the demurrer to the complaint.

It is next assigned for error, that the court erred in overruling the motion for a new trial. Several reasons are

assigned in support of this assignment of error. The first is, that the court erred in refusing to instruct the jury as requested by the appellant. The appellant requested the court to give the jury ten instructions. The court gave all of the instructions, as requested, except the sixth and tenth, which were given with modifications. The appellant excepted to the refusal to instruct, as requested, and to the giving of the sixth and tenth as modified.

The sixth instruction, as asked, was as follows:

"6. If Cory allowed his cows to run at large in the night, without anything to hinder them from getting on to the track of the railroad at the highway crossing, when he knew the railroad to be in operation day and night, this would be such negligence on the part of the plaintiff as would amount to (a reckless disregard of their life, and be) a complete bar to his recovery."

The court gave the instruction except the words in parenthesis which were refused.

There was no error committed by the court, in refusing to give to the jury the words in parenthesis. They did not express any principle of law, but suggested a reason for the principle of law enunciated in the residue of the instruction. The court should have refused to give the entire instruction. As applied to this case, it did not contain the law. This action was founded upon the statute, and the liability of the railway company was based solely upon its failure to securely fence the railroad track, at the point where the cattle entered thereon. In such an action, the question of contributory negligence does not arise. The question has been considered and decided by this court, as at present constituted, in three cases that we now remember, and there may be others. It should no longer be regarded as an open question. *The Toledo, Wabash, and Western Railway Company* v. *Weaver*, 34 Ind. 398.

The counsel for appellant, in his brief, admits that the court committed no error in modifying the tenth instruction.

The Toledo, Wabash, and Western Railway Company *v*. Cory.

The following instructions were given by the court on its own motion, viz.:

"1. If the animals were killed or injured, as alleged, at a point on the railway where the defendant could lawfully fence the same, and which at that point was not fenced, defendant is liable.

"2. If the animals were killed or injured, as alleged, at a point where a public highway crosses the railway, the defendant at such point could not lawfully fence the same, and in such case is not liable.

"3. Whether there was a crossing at that point where the alleged injury, if any, occurred, and whether the defendant established cattle-guards and maintained a proper fence at that point, taking into view the character of the crossing, nature of the ground, etc., are questions of fact for the jury to determine, according to the evidence as applied to the circumstances of the case."

It is maintained by the appellant that the court erred in giving the first and third of the above instructions. There can be no question as to the correctness of the first instruction. The authorities referred to by us in reference to the sixth instruction fully support the instruction given.

The position assumed by the counsel for the appellant in reference to the third instruction is stated in these words:

"Hence, also, the vice of the third instruction given on the court's own motion. There was no conflict of evidence about the crossing, or the injury, or the kind and position of the cattle-guards as put in. These facts were not controverted. The company had built fences and put in cattle-guards, and maintained them securely. It was for the court, and not the jury, to declare the law arising on what the company had done, by instructing the jury that the acts of the company at this crossing, as to the position of the east cattle-guard, was or was not in conformity to the statute."

Is it a question of fact to be determined by the jury from

the evidence, or a question of law to be decided by the court, whether the appellant had securely fenced its road? We entertain no doubt that it was a question of fact to be determined by the jury from the testimony of the witnesses, under the instructions of the court as to the law. The real and substantial question involved in the action was, whether the company had securely fenced its road. That question was submitted to the jury, and the court had no power to withdraw it from the jury. It was for the court to tell the jury whether under the law the appellant was required to fence the road at the point where the cattle entered upon the track, but it was a question of fact, to be determined by the jury from the testimony of witnesses, whether the railroad company had fenced its track in such a manner as to prevent cattle from entering thereon. The third instruction contained the law, and was eminently proper.

It is next claimed by the appellant that the verdict was not sustained by sufficient evidence.

We think otherwise. We are of the opinion that the negligence of the appellee, in permitting his cattle to run at large, did not relieve the railroad company from its liability under the statute. In this view, the verdict was fully supported by the evidence.

The judgment is affirmed, with costs.

*W. Z. Stuart*, for appellant.