The opinion of the court was delivered by
Valentine, J.:
This action was instituted originally in a justice’s court. Judgment was there rendered for the plaintiffs. The case was then taken on petition in error to the district court, where the judgment of the justice was affirmed. Only one exception was taken to the rulings of the justice, and that was an adjournment of the ease from August 26th 1871, to September 2d 1871. There was no error in this sufficient to authorize a reversal of the judgment of the justice, although the adjournment may have been ordered for an insufficient reasbn.
IL The bill of particulars in the justice’s court reads as follows:
“Joseph Kaub and Peter Dodder debtor, to John P. Mitchell and Kate Mitchell his wife, in the sum of $300, for trespass and damage by cutting timber and framing timber for one saw-mill erected on sections 28 and 22, town 25, range 13, which mill they are taking away, and timber, to the loss and detriment of the said John P. Mitchell and Kate Mitchell his wife in the above sum of $300, according to contract.”
No question was raised in the justice’s court as to the sufficiency of this bill of particulars. Hence, if by a very liberal construction said bill can be construed to state a cause of action, neither the district court .nor this court should disturb the judgment founded thereon. We think the bill of particulars, if construed liberally, states a cause of action. It must be admitted that the cause of action is not very intelligently nor intelligibly stated; but the proper place to raise the question of the sufficiency of the bill of particulars was in the justice’s court.
III. The defendant raised a question of jurisdiction in the justice’s court by a motion to dismiss the action on the grounds, “ 1st, That the justice of the peace has no jurisdiction in the cause, because the amount claimed is over one *60 hundred dollars. 2d, Because that said plaintiffs in their bill of particulars have not elected whether to bring their action for trespass to real or to personal property.” The justice overruled this motion, and no exception was taken. Probably however the defendant could not waive jurisdiction, if the justice really had no jurisdiction of the subject-matter of the action. The point now raised is this: It is claimed that a justice of the peace has jurisdiction in cases of trespass on real estate only where the amount claimed does not exceed one hundred dollars; (Justices act, § 6, Gen. Stat., 775;) that this is an action for trespass on real estate; that the amount claimed is $300, and therefore that the justice did not have jurisdiction to try it. Now all the presumptions from silence or absence are in favor of the rulings of the court below, and of the justice’s court. If this is an action for trespass upon real estate, it devolves upon the plaintiff in error (defendant in the justice’s court) to show it. Has he done so ? If it is shown at all it is shown by said bill of particulars. Hoes that show it'? We think not, or at most we do not think that it shows it with that degree of certainty which will require or authorize a reversal of the judgment of the district court, and that of the justice’s court. The word “trespass” is used in said bill of particulars, but that word does not mean trespass upon real estate any more than it "means many other kinds of trespass. Any infringement upon the rights or privileges of another, is a trespass. And it can hardly be claimed that a trespass by which one party becomes liable to another as a “debtor,” as in the' present case, is a trespass upon real estate, or a trespass qucore dauswm fregit. Besides, what construction m ust be given to the words, “according to contract,” used in said bill of particulars? The word “timber” is also used in said bill, but that word may mean real estate, or it may mean personal property. “Sections 28 and 22, town 25, range 13,” on which the mill for which the timber was being cut and framed, may have been the defendant’s own land. No trespass is shown to have been committed on that land; and if any trespass is *61 shown to have been committed on any real estate, what real estate was it ?
IV. The record of this case shows that on September 2d, 1871, (the time to which this case had been previously adjourned,) the justice was engaged in other official business, and that “the case was called until Monday, August 4th, 1871, at 9 o’clock,” at which last-mentioned time the case appears to have been tried, and the judgment complained of rendered. It is difficult to understand this language. If it means that on September 2d 1871 the case was adjourned, on account of the justice’s time heing- preoccupied with other official business, until Monday, September 4th 1871, there was no error. If it means that the case was not called on account of the justice being engaged in other official business until September 4th 1871, still there would be no substantial error. If it means that the justice called the case continuously from September 2d 1871 to September 4th 1871, still there was no substantial error.
There seems to be no point made on the ground that the justice says “Monday, August 4th 18-71,” instead of Monday, September 4th 1871. The tiffie could not have been August, 1871, for that month had already passed. It could not have been Monday, October 4th 1871, nor Monday, November 4th 1871, for there were no such days. And it can hardly be supposed that it was Monday, December 4th 1871, more than three months after September 2d. It was certainly September 4th 1871, for the record shows that the motion to strike out the word “trespass” from said bill of particulars was heard, decided, and sustained on the day which the record purports to show was August 4th 1871, while the record also shows that this motion was made on September 4th 1871. As said date could not have been August 4th it will be presumed in favor of the regularity of the proceedings of the court below and the justice’s court, and from other portions of the record, that it was September 4th.
The judgment of the court below is affirmed.
All the Justices concurring.