THE TOLEDO, WABASH AND WESTERN RAILWAY CO.
*v.* EIDSON.

PLEADING. — *Railroad.* — *Killing Animal.* — A complaint in an action commenced before a justice of the peace, against a railroad company, to recover the value of an animal killed by a train of cars, which does not. allege that the railroad was not fenced, and does not allege negligence on the part of the defendant, is insufficient.

The Toledo, Wabash and Western Railway Co. *v.* Eidson.

SUPREME COURT.—*Assignment of Error.*—The insufficiency of such complaint may be assigned as error on appeal to the Supreme Court, though the question has not been raised before.

From the Cass Circuit Court.

*W. Z. Stuart,* for appellant.

*C. B. Lasalle,* for appellee.

DOWNEY, J.—Action before a justice of the peace, on the following complaint:

"Toledo, Wabash and Western Railroad Company,
                                                    "To Ira B. Eidson, Dr.
"To one milch cow killed by officers' train going east,
        on the 28th day of June, 1871 - - - - - $45.00
"May 11th, 1872.        ·              IRA B. EIDSON."

There was judgment for the plaintiff before the justice of the peace, and also in the circuit court on appeal.

It is here assigned as error that the complaint does not state facts sufficient to constitute a cause of action.

The appellee moves the court to dismiss the appeal, because the record does not show that a motion was made for a new trial by the appellant in the circuit court. This is no reason for dismissing the appeal.

We think the complaint is insufficient. It does not allege that the railroad was not fenced, nor does it allege negligence on the part of the defendant. It is like the complaint in *The Toledo, etc., R. W. Co.* v. *Lurch,* 23 Ind. 10, in these respects. It is even more defective. See, also, *The Indianapolis, etc., R. R. Co.* v. *Robinson,* 35 Ind. 380, and the cases cited. Other cases might be mentioned.

The objection to the complaint may be made in this form, and at this stage of the case. *Bonham* v. *Keen,* 40 Ind. 197; *Mercer* v. *Patterson,* 41 Ind. 440; *Riley* v. *Butler,* 36 Ind. 51; *Packard* v. *Mendenhall,* 42 Ind. 598. Other cases have been decided to the same effect.

The judgment is reversed, with costs, and the cause remanded, with instructions to hold the complaint bad, and grant leave to amend, on terms, if desired.