KANSAS PACIFIC RAILWAY CO. v. ROBERT H. TAYLOR.

1. PLEADINGS IN JUSTICES COURTS; *Bill of Particulars.* While the statute reads, that a bill of particulars in a justice's court "must state, in a plain and direct manner, the facts constituting the cause of action," yet no technical precision is demanded in such a pleading. On the contrary, the most liberal intendment will be given to it, and if every fact essential to the cause of action can be found in it, although stated in the most general way, or in the loosest and most indefinite manner, and no objec- tion is raised to it at the trial, it will be held sufficient to sustain the judgment.

2. ———— *Essential Facts must be Stated, or Proven; Waiver.* Where there is an absolute omission to state a fact essential to the cause of action, but it appears from the record that the case was tried without objection, as

though this fact was alleged, and that the fact was duly proved and found, the omission will on proceedings in error be considered as waived.

3. ———— But where there is such an absolute omission, and nothing to indicate any proof, or finding, or admission of the fact, or waiver of the omission, this court must regard the omission as error, and reverse the judgment founded upon such a defective bill of particulars.

4. ———— *Stock-Law of 1874.* In an action under the stock-killing law of 1874 the plaintiff's pleading must allege that the defendant's road was not fenced.

*Error from Leavenworth District Court.*

THE opinion of the court contains a full statement of the facts and proceedings. The district court, at the March Term 1875, on petition in error, affirmed the judgment of a justice of the peace in favor of *Taylor*, and the *Railway Company* now brings the record here for review.

*J. P. Usher*, and *C. E. Bretherton*, for plaintiff in error, contended that the bill of particulars wholly failed to state a cause of action—and cited 13 Ind. 509; 21 Ind. 215; 30 Ind. 261; 49 Ind. 211; 47 Mo. 246; 48 Mo. 387; 19 Wis. 145; 36 Ill. 281; 51 Ind. 67.

*R. A. Lovitt*, for defendant in error, contended "that the bill of particulars in the present case, states a good cause of action," to sustain which he cited 2 Hil. on Torts, 506; Powell on Appel. Prac. 158, § 68. It is a rule of pleading, that exceptions to a general rule of liability need not be negatived by the plaintiff, but are matters of defense to be alleged by the defendant. It is also a rule of pleading, that it is never necessary to anticipate a defense. Van Santvoord's Pl. 254; 2 Waits' Pl. & Pr. 389; 4 Wis. 20; 36 N. Y. 323; 6 Greenl. 278.

The opinion of the court was delivered by

BREWER, J.: This was an action brought by the defendant in error before a justice of the peace of Leavenworth county, upon the following bill of particulars:

(*Court, and Title.*) The plaintiff claims a judgment against the defendant for the sum of $124.46, for seven head of cattle

killed by the engine and cars of said company, on the 7th of September 1874, in said county and state, to-wit:

| | | | | |
|---|---|---|---|---|
| Two Cows valued at $25.00 each, | | | | $50.00 |
| One Cow | " | 22.50 | | 22.50 |
| " Steer | " | 22.50 | | 22.50 |
| " Cow | " | 16.00 | | 16.00 |
| " Steer | " | 15.00 | | 15.00 |
| " Heifer | " | 12.00 | | 12.00 |

| | |
|---|---|
| | $138.00 |
| Also for skinning six head and taking to market, | 3.00 |
| Total, | $141.00 |
| Cr. by cash, | 16.54 |
| Balance due, | $124.46 |

For which amount the plaintiff asks that judgment be rendered against the defendant, and for costs of suit, together with thirty dollars for attorney's fees.

ROBERT H. TAYLOR, *Plaintiff.*

The defendant did not appear, and judgment was entered for the plaintiff. The testimony was not preserved in any bill of exceptions. No findings appear, nothing to show what evidence was offered or what proceedings had, other than that upon such a bill of particulars at the time appointed for trial a judgment in favor of plaintiff was rendered for the amount claimed. A petition in error was filed in the district court to reverse this judgment, but that court affirmed it. And from that judgment of affirmance this proceeding in error is brought. And the single question presented is, whether that bill of particulars is sufficient to sustain the judgment. It is insisted by counsel for plaintiff in error that "it contains no averment either of negligence, or want of fence, and thus no case is stated either under the stock-killing law of 1874, (ch. 94, p. 143,) or on the ground of negligence." It will be unnecessary to enter into any general consideration of pleadings in justices courts, and the rules by which they are to be governed. A simple re-statement of what has already been decided by this court will be sufficient.

I. While the statute reads, that the bill of particulars "must state, in a plain and direct manner, the facts constituting the cause of action," (Gen. Stat. 791, § 72,) yet no

technical precision is demanded in those pleadings. On the contrary, the most liberal intendment will be given to them; and if every fact essential to the cause of action can be found in one, although stated in the most general way, or in the loosest and most indefinite manner, and no objection is raised to it at the trial, it will be held sufficient to sustain the judgment. *Lobenstein v. McGraw*, 11 Kas. 645; *Kaub v. Mitchell*, 12 Kas. 57; *M. K. & T. Rly. Co. v. Brown*, 14 Kas. 557.

II. Where there is an absolute omission to state a fact essential to the cause of action, but it appears from the record that the case was tried without objection, as though this fact was stated, and that the fact was duly proved and found, the omission will not be regarded in proceedings in error, but considered as waived. Such a case will be held to resemble that in which an entire pleading, as a reply, ought to be filed, but is not, and nevertheless the case is tried without objection, as though one were filed. The omission is considered as waived, and this court, on proceedings in error, regards the case as though the pleadings were actually in the record. *Chapin v. Brown*, ante, p. 142; *K. P. Rly. Co. v. Yanz*, 16 Kas. 583; *Dresser v. Wood*, 15 Kas. 362, 363; *Bent v. Philbrick*, 16 Kas. 190; *Holden v. Clark*, 16 Kas. 346; *Russell v. Smith*, 14 Kas. 366; *Wilson v. Fuller*, 9 Kas. 177; *Walker v. Armstrong*, 2 Kas. 198.

III. But where there is an absolute omission to state a fact essential to the cause of action, and such fact is neither deducible nor inferable from those which are stated, and there is nothing to indicate any proof, or finding, or admission of the fact, or waiver of this omission, this court is bound to regard the omission as error, and reverse a judgment founded upon such a defective bill of particulars. *Hover v. Cockins,*, ante, p. 514. In this case, there is no allegation, even in the most general or indefinite manner, that the defendant's road was not fenced, or that the injury resulted from negligence—nothing from which either of those facts could be inferred or deduced. Neither is there anything to show that any proof was offered upon these points, or any finding made thereon, or any waiver thereof by the defendant. The case stands

37—17 KAS.

before us just as though the matters alleged in the bill were all proved, and nothing more. It is in no better position than if the defendant had gone before the justice and admitted the allegations of the bill were true. And the question then comes, do these facts warrant a judgment against the defendant? (*Hover v. Cockins,* supra.) And this question, we are constrained to answer in the negative. It is of course a rule of pleading, that exceptions to a general rule of liability need not be negatived by the plaintiff, but are matters of defense to be alleged by the defendant. And it is therefore contended by defendant in error, that a bill of particulars, or other pleading, which shows that the action is brought against a railway company to recover the value of animals "killed by the engine and cars of said company," shows a good cause of action, and that if the road is fenced, that is a fact to be alleged, as an exception to the general rule, by way of defense. But this rule has no application to a cause of action of the nature of the one which we are now considering. Here, the ground of recovery is, that the act as a whole imposed a duty upon the railroad company, the penalty for a neglect of which was payment for all stock killed. And it was necessary to show a breach of that duty before the company's liability was disclosed. *K. P. Rly. Co. v. Mower,* 16 Kas. 573. This stock-law was taken substantially from that of Indiana, and this question has frequently been before the supreme court of that state; and its rulings have uniformly been in accord with these views. *I. & C. Rld. Co. v. Wharton,* 13 Ind. 509; *I. & C. Rld. Co. v. Means,* 14 Ind. 30; *I. & C. Rld. Co. v. Sparr,* 15 Ind. 440; *I. & C. Rld. Co. v. Stallman,* 16 Ind. 205; *T. & W. Rld. Co. v. Lurch,* 23 Ind. 10; *T. & W. Rld. Co. v. Reed,* 23 Ind. 101; *P. C. & St. L. Rld. Co. v. Keller,* 49 Ind. 211; *T. W. & W. Rld. Co. v. Eidson,* 51 Ind. 67.

The judgment will be reversed, and the case remanded to the district court with instructions to sustain the petition in error filed therein.

VALENTINE, J., concurring.

HORTON, C. J., not sitting in the case.