---

THE PITTSBURGH, CINCINNATI AND ST. LOUIS R. W. CO. *v.* TROXELL.

PLEADING.—*Railroad.*—*Killing Stock.*—*Justice of the Peace.*—A complaint against a railroad company for injuring or killing stock, which does not allege that such injury or death was caused by the defendant's locomotive, cars or other carriages, is bad, even in the court of a justice of the peace, on demurrer, motion in arrest or motion to dismiss.

From the Grant Circuit Court.

*N. O. Ross*, for appellant.

*R. W. Bailey* and *A. Diltz*, for appellee.

BIDDLE, J.—Complaint by appellee, against appellant, .before a justice of the peace, in the following words :

" Now comes the plaintiff and complains of the defendant, and says, that on the 19th day of May, 1875, by her ,employees and agents, was running a locomotive and train of cars upon a certain railroad, which she operated and controlled, in the county of Grant and State of Indiana, struck, passed over and killed a heifer, the property of plaintiff, of the value of twelve dollars. Plaintiff avers, that, at the time and place where the said animal got upon said road and was so killed, the said road was not securely fenced; wherefore plaintiff demands judgment for fifteen dollars, and all other proper relief.

. " 2d.   For further complaint, plaintiff says, that the de-

fendant, while running, controlling and operating her said road, on the 19th day of June, 1875, in the county of Grant and State of Indiana, then and there killed a sow, (the same being a female hog,) the property of plaintiff, of the value of twenty dollars. Plaintiff avers, that, at the time and place when and where said sow got upon said road and was so killed, said road was not securely fenced ; wherefore plaintiff, by reason of the matters set [forth] in this complaint, asks judgment for thirty-five dollars, and all other proper relief."

Appeal from the judgment of the justice of the peace against the appellant to the circuit court. Motion by appellant in the circuit court to dismiss the case, for want of a sufficient cause of action. Motion overruled; exception. Motion in arrest of judgment overruled; exception. Motion for a new trial overruled; exception. Appeal to this court.

In cases of this kind, under the statute, it is necessary for the plaintiff to allege that the stock was killed or injured by the locomotives, cars or other carriages of the defendant. From the peculiar structure of the first paragraph of this complaint, it is impossible to ascertain what it was, that " struck, passed over, and killed a heifer,"— whether it was the locomotive of the appellant or some other locomotive, or the appellant or some other person.

The verbs " struck " and " passed " have no nominatives ; and the allegation that the appellant was running a locomotive on the road can be made plain only by a nominative understood to the verb " was."

With all the liberality extended toward the construction of pleadings before justices of the peace, we can not hold the first paragraph of this complaint sufficient.

The following authorities control our opinion: *The Indianapolis, etc., R. R. Co.* v. *Brucey*, 21 Ind. 215 ; *The Toledo and Wabash R. W. Co.* v. *Lurch*, 23 Ind. 10 ; *Toledo and Wabash R. W. Co.* v. *Reed*, 23 Ind. 101 ; *The Toledo, etc., R. W. Co.* v. *Weaver*, 34 Ind. 298 ; *The Indi-*

*anapolis, etc., R. R. Co.* v. *Robinson,* 35 Ind. 380 ; *The Ohio and Mississippi R. W. Co.* v. *Cole,* 41 Ind. 331 ; *The Pittsburgh, etc., R. W. Co.* v. *Hackney,* 53 Ind. 488.

The second paragraph is still more defective than the first. There is no attempt in it to allege that the sow was killed by the locomotive, car or other carriage of the road. Neither paragraph is good under the statute, because neither states that the killing was done by a locomotive, car or other carriage of the road; and neither is good at common law, because neither alleges the negligence of the appellant. See authorities *supra.*

We think the court should have dismissed the cause, on motion of the appellant, unless the appellee chose to amend the complaint, and should have sustained the motion in arrest of judgment.

For these errors, the judgment is reversed, at the costs of the appellee, and the cause remanded for further proceedings.