THE BALTIMORE, PITTSBURGH AND CHICAGO RAILWAY CO. *v.* ANDERSON.

RAILROAD.—*Killing Stock.*—*Pleading.*—*Arrest of Judgment.*—A complaint against a railroad company for killing stock, which neither avers such killing to have been the result of negligence, nor that the defendant had failed to securely fence its track, is bad on motion in arrest.

From the Lake Circuit Court.

*S. I. Anthony*, for appellant.

*E. Griffin* and *J. W. Youche*, for appellee.

NIBLACK, J.—This action was commenced before a justice of the peace, on a complaint, as follows:

"The plaintiff, Magnus Anderson, complains of The Baltimore, Pittsburgh and Chicago Railway Company, Indiana Division, and says, that the defendants are indebted to him in the sum of one hundred and twenty-five dollars, for cattle killed and injured by said company's locomotives and cars, then and there running by said company, within the county of Lake, and State of Indiana, at different times as hereinafter stated, to wit: May 25th, 1875, to one cow injured to the amount of ten dollars; also, June 16th, 1875, to one ox and one cow killed and destroyed, one hundred and five dollars; August 6th, 1875, to two calves killed, of the value of ten dollars; all of said property being the property of the plaintiff. Plaintiff avers, that he has sustained damage thereby to the amount of one hundred and twenty-five dollars, for which he demands judgment and other proper relief."

There was a judgment by default, in the justice's court, and an appeal to the court below, where the cause was tried by the court, without a jury.

The court found for the plaintiff, and assessed his damages at one hundred and twenty-five dollars. The defendant thereupon entered a motion in arrest of the judgment, which was overruled, and judgment followed on the finding of the court.

The appellant assigns for error here:

1st. The overruling of the motion in arrest of judgment;

2d. That the complaint does not state facts sufficient to constitute a cause of action.

Both the errors thus assigned raise only the question of the sufficiency of the complaint, but each by a different method.

The complaint does not allege any negligence on the part of the defendant, and is, hence, bad as a common law action. It does not allege that the defendant's railway was not fenced, and is, for that reason, bad as an action under the statute.

For want of a sufficient complaint, the judgment will have to be reversed. *Jeffersonville, etc., R. R. Co.* v. *Lyon*, 55 Ind. 477; *The Toledo, etc., R. W. Co.* v. *Eidson*, 51 Ind. 67; *The Toledo, etc., R. W. Co.* v. *Weaver*, 34 Ind. 298; *The Toledo, etc., R. W. Co.* v. *Lurch*, 23 Ind. 10.

The judgment is reversed, at the costs of the appellee.