No. 9681.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* WILKERSON.

RAILROAD.—*Killing Stock.*— *Complaint.*— *Venue.*—*Jurisdiction.*—A complaint against a railroad company, under the statute providing compensation to the owners of animals killed or injured by the cars or locomotives of railroad companies, section 4026, R. S. 1881, which avers that the road

was located upon a certain section of land in the county where the action was brought, that a portion of the road upon said section was not fenced, and by reason thereof the stock went upon the road and was then and there injured, sufficiently shows that the injury occurred in the county.

From the Lawrence Circuit Court.

*A. C. Voris* and *S. D. Luckett*, for appellant.

*G. W. Friedley* and *E. D. Pearson*, for appellee.

BEST, C.—This action was brought by the appellee to recover the value of a mule alleged to have been injured by the cars of the appellant, at a point upon its road where the same was not securely fenced.

A demurrer to the complaint for want of facts was overruled, an exception taken, an answer filed, a trial had, a finding made for the appellee, a motion in arrest overruled, and judgment rendered upon the finding.

The errors assigned are, that the complaint does not state facts; that the court erred in overruling the demurrer; that it erred in overruling the motion in arrest, and that the court did not have jurisdiction of the subject-matter of the action.

These several assignments of error call in question the sufficiency of the complaint, and may all be disposed of as one. The complaint is a literal copy of the complaint in the case of *Toledo, Wabash and Western Railway Company* v. *Cory*, 39 Ind. 218, which was held good, and upon the authority of that case this complaint must be deemed sufficient.

It is insisted that the motion in arrest and the assignment that the court did not have jurisdiction, etc., raise a different question from the other assignments. This question is, whether the complaint sufficiently avers that the injury occurred in the county where the suit was commenced. Whether the other assignments did or did not raise this question, we think the complaint was sufficient in this respect. The complaint avers that the road was located upon a certain section of land in Lawrence county ; that a portion of the road upon said section adjoining appellee's land was not fenced ; that, in

consequence thereof, the mule went upon the road and " was then and there fatally injured," etc. These averments were sufficient to show that the injury occurred in Lawrence county. The complaint was sufficient, and as there is no error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.