No. 9673.

## YEOMAN ET AL. *v.* DAVIS ET AL.

PLEADING.—*Arrest of Judgment.—Practice.—Special Contract.—Attorney.*— That a complaint is not sufficiently specific in stating the cause of action, as that its averments imply a special contract for the payment of a salary to an attorney, without stating the terms of the contract, will not justify a motion in arrest of judgment. .

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellants.
*W. E. Uhl,* for appellees.

BLACK, C.—The appellee Isaac Davis brought his action against the appellants, upon an account stated, and instituted proceedings in attachment.

The other appellee, Martin Witz, filed his complaint and his affidavit and undertaking in attachment, and became a party to said action. Issues were formed, the trial of which resulted in a verdict for each of the appellees, upon which judgments were rendered.

The only matter presented by the appellants for our consideration is the action of the court in overruling their motion in arrest of judgment for the appellee Witz.

Against this ruling it is claimed that the complaint of the

appellee Witz was insufficient. This complaint was against the appellants as partners, and one Daniel D. Dale, and alleged that the appellants " became and were indebted to the defendant Daniel D. Dale in the sum of $400, for salary earned by said Dale as their attorney, a bill of particulars of which is filed herewith, marked 'Exhibit A,' and made a part of this complaint; that said defendant Dale sold and assigned said debt to the plaintiff, and that the same is yet unpaid and is now due and owing to the plaintiff from the defendants. Wherefore," etc.

The bill of particulars was as follows:

" Exhibit A.

"Yeoman, Hegler & Co. to Daniel D. Dale,      Dr.

" 1878. To three months' salary, from Oct. 9th, '78, to Jan'y 9th, 1879 . . . . . . . . . . . . . . . . $300

" 1879. To one month's salary, from April 9th to May 9th . . . . . . . . . . . . . . . . . . . . . 100

                                       $400

" For value received I hereby assign the above account to Martin Witz.         DANIEL D. DALE.

" May 19th, 1879."

It is said by way of objection to this complaint that Dale's retainer or employment and the terms thereof were not sufficiently alleged. This objection can not be sustained. If the word " salary " necessarily made the complaint a declaration upon a special contract, it can not be said that no cause of action whatever was stated in the complaint.

The appellants appear to have been content to overlook any want of completeness in the statement of the cause of action, and willing to wait for further information from the evidence. The evidence is in the record, and it supplied all needed information. After verdict it was too late to make such objection to the complaint. The proceedings in attachment seem to have been abandoned on the trial, and there was no judgment against a garnishee or against attached property.

There were two separate personal judgments, appeals from which to this court were united, and prosecuted by assignments of error upon one transcript.

The judgments should be affirmed.

PER CURIAM.—Upon the foregoing opinion the judgments are affirmed, at the costs of the appellants.

Petition for a rehearing overruled.