Louisville, New Albany and Chicago Railway Company v. Harrington.

Filed Jan. 8, 1884.

———◆———

No. 10,506.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* HARRINGTON.

RAILROADS.—*Complaint.—Arrest of Judgment.—Killing Stock.*—A complaint for killing an animal, under section 4025, R. S. 1881, good in other respects, which avers that the defendant "ran against and over said mare and killed her," not showing that the injury was done by the locomotives, cars or other carriages run upon the road, is good after verdict.

From the Carroll Circuit Court.

*W. F. Stillwell*, for appellant.

*J. Applegate* and *C. R. Pollard*, for appellee.

NIBLACK, J.—This was an action by Abraham Harrington against the Louisville, New Albany and Chicago Railway Company, commenced in the superior court of Tippecanoe county and taken by change of venue to the Carroll Circuit Court, where upon a trial there was a verdict for the plaintiff, assessing his damages at $112.50. Motion in arrest of judgment overruled, and judgment on the verdict.

The only error assigned is that the complaint did not state facts sufficient to constitute a cause of action against the appellant. With some verbal changes of a merely formal character, the complaint was as follows :

"The plaintiff complains of the defendant and says that at the time hereinafter mentioned the defendant, * * * a corporation duly organized, * * * was the owner of a certain railroad known as the Louisville, New Albany and Chicago Railway, together with the track, cars, locomotives and other

appurtenances thereto belonging; that on or about the 10th day of April, 1882, the plaintiff was the owner and possessed of a certain mare of the value of $125, and which mare casually and without the fault of the plaintiff, strayed in and upon the track and ground occupied by the railroad of the defendant, at a point about one-half mile north of the city of Lafayette in the county of Tippecanoe, where said railroad was not securely fenced in, * * * and at a point on said railroad where the same could have been securely fenced in, and such a fence properly maintained by the defendant. And the plaintiff further alleges that said defendant, by its agents and servants, ran against and over the said mare of the plaintiff and killed and destroyed the same, to the damage of the plaintiff $125."

The objection made to the sufficiency of the complaint is that it did not aver that the mare was run over and killed by the cars, locomotive or other carriage of the defendant, referring to section 4025, R. S. 1881, under which this action is prosecuted.

It is true, that the averment in the complaint, relating to the manner in which the mare was killed, did not bring this case fully within the provisions of the section of the statute referred to, which makes railroad companies liable in certain cases for stock killed or injured by their locomotives, cars or other carriages, and if objection had been made to the complaint on that account in the court below before going to trial, that court would doubtless have held the objection well taken, for, at least, uncertainty in the averment. But taking into consideration the universally admitted purposes for which railroad companies are organized, and the uses for which railroads are constructed, in connection with the preceding averments of the complaint, we think the reasonable inference is, and that the fair intendment of the averment was, that the mare was run over and killed by some vehicle or other machinery belonging to the defendant and in use upon its railway track.

If we are correct in this construction of the complaint, and we feel justified in assuming that we are, the defect complained of was cured by the verdict, and can not now be made, in any way, available to reverse the judgment by raising the question of the sufficiency of the complaint for the first time in this court. *Peck* v. *Martin,* 17 Ind. 115 ; *Alford* v. *Baker,* 53 Ind. 279 ; *Scott* v. *Zartman,* 61 Ind. 328 ; *Indianopolis, etc., R. R. Co.* v. *McCaffery,* 72 Ind. 294 ; *Evansville, etc., R. R. Co.* v. *Willis,* 80 Ind. 225 : *Yeoman* v. *Davis,* 86 Ind. 189.

The cases of *Pittsburgh, etc., R. W. Co.* v. *Troxell,* 57 Ind. 246 ; *Pittsburgh, etc., R. W. Co.* v. *Hannon,* 60 Ind. 417, and *Ricketts* v. *Sandifer,* 69 Ind. 318, cited in support of the objection made to the complaint, have, as precedents, no practical application to the case in hearing.

In each of those cases the complaint failed to charge, in any suitable way, that the defendant had committed the wrongful act complained of. Besides, in each case, the sufficiency of the complaint was challenged before going to trial.

The judgment is affirmed, with costs.

Filed Jan. 8, 1884.