Schroeppel *v.* Corning.

---

---

SAME TERM.    *Before the same Justices.*

SCHROEPPEL and SOULE *vs.* CORNING.

Where, upon the making of a loan of money, it was agreed between the parties that for a portion of the amount loaned the lender should receive bonds and mortgages against third persons, and in pursuance of such agreement the borrower assigned and delivered to the lender, absolutely, and in payment of the loan, *pro tanto*, certain bonds and mortgages executed by other persons; *Held* that to the extent of the bonds and mortgages thus assigned, the contract was *executed*, and was no longer *executory*.

Where bonds and mortgages against third persons are transferred and delivered to the lender, by the borrower, in payment and satisfaction of a usurious debt, or in execution and discharge of a usurious contract, no action can be maintained by the borrower, to recover the excess of usury alledged to have been paid by him, unless it is brought within one year after such transfer of securities is made.

The right of action in the borrower, under the statute, for the excess of money or property paid by him beyond the sum actually due, is perfect upon the receipt by the lender, of bonds and mortgages transferred to him in payment of the debt, and the appropriation thereof to his own use. The borrower need not wait until the money has been actually received by the lender, upon such securities, before commencing an action.

Money which has been recovered and collected in a suit upon an usurious

Schroeppel *v.* Corning.

security can not be recovered back from the plaintiff in such suit. The remedy of the obligor is by a defense to that action. If a judgment is recovered against him, it operates as an estoppel.

This action was brought to recover the excess of money alledged to have been received by the defendant beyond the principal and legal interest upon a loan claimed to have been made to the plaintiff Schroeppel. Soule was united as a party plaintiff as the general assignee of Schroeppel for the benefit of creditors. The case showed that in 1837 the defendant had money which he said he could or would loan, and also had some real estate in Syracuse which he desired to part with, and that he enquired of Schroeppel's agent to know if he did not think Schroeppel would take it; he expressing a willingness to take security for the whole and give a long credit. Subsequently a negotiation was opened between the parties, that resulted in a contract which was consummated on the 10th day of July, 1837.

| | |
|---|---:|
| The defendant advanced to Schroeppel in cash | $7,500 |
| And conveyed to him property to the amount, as valued upon that occasion, of | 16,400 |
| | $23,900 |
| Schroeppel gave to Corning his own bond and mortgage payable in 10 years for . . | 5,063 00 |
| Assumed certain encumbrances upon the property to the amount of . . . | 5,156,94 |
| Assigned three several bonds and mortgages against third persons, amounting in the aggregate to . . . . . . | 13,546,06 |
| | $23,766,00 |

The amounts were intended to balance each other and were made to do so. The transaction was in pursuance of a contract between the parties, dated June 26, 1837, by which Corning agreed to loan Schroeppel $7,500 for the term of ten years, and to sell him certain property at the prices named in the contract, and Schroeppel agreed to assume all the payments due on said lots, and to secure the balance to Corning by good and ap-

proved bonds and mortgages. The real estate conveyed by Corning was proved to have been worth much less than the price for which it was sold to Schroeppel, and as claimed worth not to exceed $8,880. The bond given by Schroeppel was prosecuted for a default of the obligor in the payment of interest, and a judgment perfected in 1838, upon which the interest was collected annually until 1847, when the whole amount, $5565,62, was paid. Among the bonds and mortgages assigned to Corning was one against one Anderson for $10,202, of which only $7,946,09 was assigned, and Schroeppel retained the residue. This mortgage was foreclosed in 1838, in the name of Corning, and the amount collected under that decree, and the amount of Schroeppel's interest paid to him, and the residue to Corning. The payments upon that decree, made to the defendant, within six years before the commencement of the action, were as follows :

| | |
|---|---:|
| June 1, 1843, for interest, . . . . | $495,48 |
| June 1, 1844, for interest, . . . . | 495,48 |
| June 1, 1846, for interest, . . . . | 366,00 |
| October 6, 1847, for principal and interest, | 6,735,11 |

The action was tried at the Onondaga circuit in October, 1849, and the plaintiffs were nonsuited, and a judgment having been perfected they appealed to the general term.

*G. F. Comstock*, for the plaintiff.

*D. D. Hillis*, for the defendant.

*By the Court*, ALLEN, J.   In this action several questions of interest, some of which are not free from difficulty, are presented for our decision ; and although they were elaborately and ably presented by the counsel for the respective parties, we do not deem it important in the reasons which we give for our decisions, to examine them much in detail. We are of the opinion that the judgment entered upon the direction of the judge at the circuit should be affirmed, for the following reasons, among others :

Schroeppel *v.* Corning.

I. The bonds and mortgages against third persons, and for the moneys received upon some of which this action is brought, were assigned absolutely and in payment of the debt alledged to be usurious, or if no debt technically existed, as is claimed by the counsel for the plaintiffs, then in performance and execution, *pro tanto*, of the contract alledged to be usurious. To that extent the contract was executed, and was no longer executory. I do not think it material to determine whether the contract thus executed was the contract of the 26th June, or a new contract made on the day of the transfer of the securities. After the assignment and delivery of the bonds and mortgages, in either case, that part of the contract was executed and not executory. This question has been considered by Judge Bronson in an opinion pronounced by him in an action of trover brought for the bonds and mortgages. (*Schroeppel* v. *Corning*, 2 *Comst.* 132.) The opinion is not reported. It would be an act of supererogation on my part to go over the ground which he has occupied, and although the other members of the court had not examined that particular point, and therefore expressed no opinion upon it, for which reason it is not binding upon us as a decision of the court, carrying with it authority as such, we follow it and adopt it as the law of this case, for the reasons urged by the judge and upon the authorities cited and referred to by him.

II. If the bonds and mortgages were transferred and delivered in payment and satisfaction of the usurious debt, or in execution and discharge of the usurious contract, as we have supposed, this action can not be sustained, but is barred by the statute of limitations. (1) After payment of a usurious debt, the money can not be recovered back; but under the statute the party may recover the excess paid beyond the principal and legal interest actually due. (*Vide opinion of Bronson, J. supra, and authorities cited.*) (2) It is not material that an action for money had and received would not have lain until the money had been actually received, as was strenuously urged by the counsel for the plaintiff, and from which he argued that the cause of action authorized by the statute accrued at that time,

and was therefore not barred by the statute of limitations. The statute regulating the interest of money, (1 *R. S.* 772, § 3,) does not restrict the cases in which a party is. entitled to recover the excess paid beyond the legal interest to those in which money, or that which has been taken and received as money, has been paid; but embraces every case where a party has paid or delivered any greater sum or value than is allowed by law to be taken. The form of the action, it is true, may depend upon the medium in which satisfaction has been made. If money has been paid, the action for money had and received, will lie. If property has been delivered, then the proper action to recover that property, or its value, must be resorted to, and in either case the declaration must be under the statute. (5 *Den.* 236. 1 *Comst.* 132.) It is held in *Schroeppel* v. *Corning*, (5 *Den.* 236,) by a majority of the court, and in this opinion four of the judges of the court of appeals concurred, as we are advised, that the receipt of property by the usurer, upon a usurious contract, and exercising dominion over it as his own, is a conversion for which an action may be brought, without a demand. If so, the cause of action of the plaintiffs, or of Schroeppel, the party to the transaction in that form, was perfect, upon the receipt by Corning of the bonds and mortgages, and the appropriation thereof to himself. And if the defendant was not a wrongdoer, guilty of a conversion by the receipt of the mortgages, as is supposed, yet the statutory cause of action for the excess of money or property paid, beyond the sum actually due, was perfect upon the payment. If the amount and value of the bonds and mortgages thus assigned was more than the amount actually loaned, with legal interest thereon, the excess of such value could have been at once recovered in a proper action under the statute, and the borrower would still have been permitted to set up the usury as a defense to his bond for $5,063, when called upon. The *payment* to the amount actually loaned, with interest, whether such payment was in property or money, the lender had a right to retain, as well in equity as in an action under the statute. If the value of the mortgages was less than the amount thus equitably due to the defendant, then Schroeppel had no right,

legal or equitable, to call upon the defendant to repay any part of it ; and if there was any usury in the transaction, the borrower had an ample remedy by resisting the payment of his bond, which was wholly void.   (3) This action is an equitable action, and the plaintiffs can only recover what *ex æquo et bono,* they are entitled to.   The defendant is entitled to retain of the amounts paid to him, so much as is necessary to cover the amount actually loaned, with legal interest, and the law will apply the first payments to that purpose.   The amount first paid was by the assignment of the bonds and mortgages.   They were taken as payment at that time.   The residue of the sum due the defendant, was secured to be paid at a future time, by the bond and mortgage of Schroeppel.   The property in the bonds and mortgages passed to the defendant subject only to the right of Schroeppel to reserve so much of the value thereof, as such value exceeded the amount equitably due the defendant, and such right of action was limited to six years.   This is not like the cases of *Hughes* v. *Thomas,* (13 *East,* 474,) and *Lamb* v. *Clark,* (5 *Pick.* 192.)   In these cases the possession of the property by the defendant was tortious.   They were wrong-doers, and their acts were invalid ; but in this case the receipt of the bonds and mortgages by the defendant, in payment was valid, and the delivery could not have been avoided by Schroeppel.   But for the statute he would have had no remedy, and by that he had only the right to call upon the defendant to account for the excess in value over the amount actually due, and that action accrued upon the delivery of the choses in action.

III. The moneys paid by Schroeppel in satisfaction of his bond, were paid upon and in pursuance of a judgment recovered in an action upon the bond.   The parties are estopped by the judgment, and can not inquire into the consideration of it, or recover money paid upon it.   The remedy of the obligor was by a defense of that action.   (*Thompson* v. *Berry,* 3 *John. Ch. R.* 395. *Bartholemew* v. *Yaw,* 9 *Paige,* 165.)

Without further examining the questions already suggested, or considering those made by counsel, we think the judgment should be affirmed.                    Judgment affirmed.