## LEWIS W. HOVER v. WM. W. COCKINS.

1. PLEADING; *Bill of Particulars; Petition; Action to Recover Usurious Interest.* Where a bill of particulars, filed by a plaintiff in a justice's court, states, in substance, that the plaintiff previously gave a promissory note to the defendant for money loaned to the plaintiff—the note also including a certain amount of usurious interest, and that the plaintiff afterward gave another note to the defendant in lieu of said first-mentioned note for the full amount of said first-mentioned note and the interest that had accrued thereon, and that afterward the plaintiff paid said second note on execution; and said bill of particulars does not state that said second note was negotiable, or that it was transferred before due, or was transferred to an innocent purchaser, or that it was transferred at all, and does not state what amount the plaintiff paid on execution, or whether he paid any usurious interest or not, and does not state for what amount the judgment was rendered on which said execution was issued, or whether said judgment was rendered for any usurious interest, and does not state what or whether any defenses were set up in the action in which said judgment was rendered, but simply asks upon the foregoing alleged facts that a judgment shall be rendered in favor of the plaintiff and against the defendant for the entire amount of interest, legal as well as usurious, which the plaintiff paid or agreed to pay on the money which plaintiff borrowed from the defendant; *held,* that the court below did not err in holding that said bill of particulars did not set forth facts sufficient to constitute a cause of action against the defendant.

2. DEFENSE OF USURY, *To be Available Must be Made at First Opportunity.* Presuming (for the purpose of sustaining the decision of the court below, and all presumptions must be construed in favor of such decision,) that the said action on said second note (which was executed in 1870) was not brought by an innocent and *bona fide* purchaser before due of a negotiable note, then the plaintiff in this action had in that action a perfect defense to said note to the extent of all the interest paid or agreed to be paid by the plaintiff; and the judgment in that action is a bar to this action, whether the plaintiff in this action set up the defense of usury in that action, or not.

*Error from Douglas District Court.*

ACTION by *Hover*, to recover $171.30, which sum he claimed *Cockins* had forfeited to plaintiff by reason of having taken and received unlawful interest on a promissory note. All the facts are stated in the opinion. The district court, at the August Term 1873, gave judgment for defendant, and plaintiff appeals, and brings the case here on error.

*L. W. Hover,* plaintiff, for himself.

*Hampton & Borgholthaus,* for defendant, cited 9 Johns. 233, 244; 17 Mass. 394; 1 Pick. 435; 3 Conn. 456; 1 N. H. 33; 2 N. H. 61.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff commenced this action in a justice's court by filing the following bill of particulars:

(*Title, and Court.*) "The plaintiff complains of the defendant, that the said defendant did upon the 10th of March 1870, at the city of Lawrence, Kansas, lend to the said plaintiff the sum of twelve hundred and thirty-three and 70-100 dollars, for which the said defendant drew and caused to be signed by the said plaintiff a note of thirteen hundred dollars, payable to him the said defendant eight months after date, with interest at twelve per cent. per annum thereon, which said note of $1,300 and interest, amounting to the sum of fourteen hundred and four dollars was paid by said plaintiff to the said defendant on the 7th of November 1870, in another note since paid on execution. That the difference between the face of said note of thirteen hundred dollars, and the money actually received at that time, to-wit,·sixty-seven dollars and thirty cents, was unlawful and usurious interest, by the taking of which he the said defendant forfeited to the said plaintiff all the interest on the above-mentioned sum lent, amounting to one hundred and seventy-one and 30-100 dollars, for which said sum of $171.30, and interest thereon from the 7th of November 1870, the plaintiff asks judgment against the defendant.

"L. W. HOVER, *Plaintiff.*"

Afterward the case was taken on appeal to the district court, where it was again tried on said bill of particulars. The case was tried by the district court without a jury. No evidence was introduced on the trial by either party, but both parties agreed that the facts set forth in the foregoing bill of particulars were true. Upon this agreement the court below rendered judgment in favor of the defendant and against the plaintiff, and the plaintiff now brings the case to this court for review.

It will be seen that the only question in this case is with regard to the sufficiency of the facts set forth in said bill of particulars. And preliminary to a decision of that question, we would say, that the bill of particulars in this case is not aided by any evidence, or by any finding, or verdict, nor by the judgment of the court below. On the contrary, the finding and judgment of the court below are against the sufficiency of said bill of particulars. And all presumptions are in favor of the correctness of the decision of the court below. There has nothing transpired in this case to cure any of the defective allegations of said bill of particulars, and hence we must give to said allegations no more force or weight or value than they are justly entitled to. And this indeed is also true with respect to the bill of particulars taken as a whole.

Let us now examine said bill of particulars, and the facts set forth therein, for the purpose of determining their sufficiency. It seems that on March 10th 1870, the plaintiff, in consideration of $1,233.70 in money, and $66.30 usurious interest, gave to the defendant his (the plaintiff's) promissory note for $1,300 due in eight months, and drawing interest at the rate of twelve per cent. per annum. This note seems to have been payable to the defendant alone, and was therefore not negotiable. On November 7th 1870, (a few days before said note became due,) the plaintiff gave another note to defendant in lieu of the first-mentioned note. This second note was for $1,404, the exact amount of the first note with the interest thereon. Whether this second note was to draw interest or not, or whether it was negotiable or not, is not shown. Afterward this note was paid on execution, but to whom it was paid, and how much was paid, are not shown. As it was paid on execution, there must have been a judgment previously rendered against the plaintiff on such note. But in favor of whom such judgment was rendered, and for what amount it was rendered, and what defenses were set up against the note in that action, we are not informed. If said note was not negotiable, or if it was transferred with notice, or was transferred after due, or was not transferred at all, then

the plaintiff in this action had a perfect defense to the note in that action to the extent of all the interest paid or agreed to be paid by him, and he should have set up such defense in that action if he desired to ever claim the benefit of the same. Perhaps however he did set up such defense in that action; and if he did, then whether he was successful or not, we have not been informed. If he had set up the defense in that action, then the judgment rendered against him on said note should have been for just $1,233.70, the amount which he received from the defendant in this action. Whether the judgment was rendered for that amount, or for more, or less than that amount, we cannot tell. And whether the plaintiff in this action ever paid more than that amount, or whether he ever paid a cent of usurious interest, we cannot tell. The presumptions however are all against the plaintiff, and in favor of the decision of the court below. Under the statutes applicable to this note, "all payments of money or property made by way of usurious interest, or of inducement to contract for more than twelve per cent. per annum, whether made in advance or not, shall be deemed and taken to be payments made on account of the principal; and the courts shall render judgment for no greater sum than the balance found due after deducting the payments of money or property made as aforesaid, without interest." And "any person contracting, by promissory note, bill of exchange, bond, or otherwise, to receive a greater rate of interest than that allowed by this act, [to-wit, twelve per cent. per annum,] shall forfeit all interest, and shall recover no more than the principal of such note, bill, bond or other contract." (Gen. Stat. 525, 526, §§ 3 and 4; *Jenness v. Cutler*, 12 Kas. 500; *Ayres v. Probasco*, 14 Kas. 175.) Now if the plaintiff in this action did not set up the defense of usury in the action brought against him on said note, then why did he not do so? He has wholly failed to inform us. But whether he did set it up or not, the judgment in that case is a bar to any further proceeding. If he did set it up, then he has already had an adjudication upon the subject-matter of this action, and he cannot have another

adjudication thereon. But if he did not set it up, then he has lost by his own laches his last opportunity of making the subject-matter of his defense available. It is a general rule of law, that where a defendant has a defense to an action, and fails to set it up in that action, he forever loses the same, not only as a defense but also as a cause of action. (See authorities cited in defendant's brief, and also *McLaughlin v. The State,* ante, 286.) And this rule of law is applicable to cases of this kind. (*Schrappel v. Corning,* 10 Barb. 576, 581; *Day v. Cummings,* 19 Vt. 496; *Perkins v. Conant,* 29 Ill. 184; *Jones v. Kirksey,* 10 Ala. 579; *Mallory v. Matlock,* 10 Ala. 596.) If we were to make a *guess* with reference to the facts not shown, and which should have been shown in this case, we would guess—that said note was negotiable—that it was not transferred however, that the note was sued on by the defendant in this action—that the plaintiff in this action did not set up the defense of usury in that action—that the judgment was rendered for the full amount of the note, and that the plaintiff in this action paid that amount; but of course these are only guesses.

The judgment of the court below must be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.