J. M. HADLEY v. THE CENTRAL BRANCH UNION PACIFIC RAILROAD COMPANY.

RAILROAD STOCK LAW OF 1874; *Venue; Petition; Fence.*   In an action prosecuted under the statute of 1874, relating to the killing and injuring of stock in the operation of railroads (Laws of 1874, p. 143), the petition must state or show that the stock was killed or injured in the county in which the suit was commenced; and the petition must also state or show that the railroad was not inclosed with a good and lawful fence to prevent such animals from being on such road at the time the injury occurred.

*Error from Marshall District Court.*

ACTION brought by *Hadley* against the *Railroad Company*, to recover damages for injuring and for killing certain stock belonging to the plaintiff.   This action came on for trial at the August Term, 1877, and a jury being waived, the case was submitted to the court on the pleadings and an agreed statement of facts, contained in the opinion, *infra*.   Judgment for the defendant, and against *Hadley*, who brings the case to this court.

*J. A. Broughton*, for plaintiff in error.

*Everest & Waggener*, and *D. Martin*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On June 14th, 1877, J. M. Hadley commenced an action against the railroad company, in the district court of Marshall county, to recover damages for killing and injuring three cows and two calves, of the alleged total value of $135; the sum demanded in the prayer of the petition being $120, and a further sum of $25 as an attorney-fee.

The action was brought and prosecuted under the statute of 1874, relating to the killing and injuring of stock in the operation of railways. (Laws of 1874, page 143.) It was alleged in plaintiff's petition, in substance, that the defendant was a railroad corporation, operating a railroad from Atchison to Washington, in the state of Kansas; that the plaintiff was the owner of three cows and two calves; that they casually, and without the fault of the plaintiff, strayed in and upon the track and grounds occupied by the railroad; that the agents and servants of the defendant ran its locomotive and cars against and over the said cows and calves; that the railroad "is not inclosed with a good and lawful fence;" that the plaintiff made demand upon the defendant for the damages sustained, thirty days prior to commencing his action, and that a reasonable attorney's fee is $25.

It will be observed that the plaintiff does not charge that the collision with his stock was the result of any negligence on the part of the railroad company, or any of its employés; so that, if the action could be sustained at all, it would be simply by the force of the statute of 1874. But the petition is insufficient under that statute, for at least two reasons: First, it does not show in what county the cows and calves were injured and killed; second, it does not show that the railroad was not, at the time of the accident, "inclosed with a good and lawful fence, to prevent such animals from being on such road." There is an allegation that "the railroad of

said defendant *is not inclosed* with a good and lawful fence."
This would of course have reference to the time of filing said
petition, June 14, 1877, and not to the time of the accident,
which is alleged to have occurred December 25, 1876.

The answer admitted the incorporation of the defendant;
that the defendant was operating a railroad from Atchison to
Washington, in the state of Kansas; that the cattle referred
to in the petition strayed in and upon the track occupied by
the railroad of the defendant, and it denied each and every
other allegation, statement and averment contained in the
petition.

The action came on for trial at the August term, 1877, and
a jury being waived, the case was submitted to the court on
the pleadings and an agreed statement of facts, which agreed
statement is as follows:

"It is agreed between the parties hereto, that all the alle-
gations set out in plaintiff's petition are true, with the follow-
ing modifications: The animals killed, and the damages done
to the one injured, amount to one hundred and ten dollars;
a reasonable attorney's fee for the prosecution of this case is
twenty dollars; the defendant does not admit any liability
to the plaintiff under the pleadings and the foregoing admis-
sions, but the question of liability is submitted as a question
of law for the decision of the court; and the foregoing are all
the facts in the case."

The court made a general finding in favor of the defendant,
and rendered judgment accordingly against the plaintiff for
the costs of suit.    The plaintiff excepted to the judgment.
No other exception was taken by either party at any stage of
the case.    The plaintiff thereupon filed a motion for a new
trial on the single ground of "error of law occurring at the
trial, and excepted to by the plaintiff at the time."    At the
December term, 1877, this motion was overruled, the plain-
tiff excepting.

The errors assigned by the plaintiff in his petition in error
are: First, that the judgment was given for the railroad com-
pany, when it ought to have been given for the said J. M.
Hadley; second, that the court erred in overruling the mo-

tion of Hadley for a new trial. It will be seen, using substantially the language of *Hover v. Cockins*, 17 Kas. 516, that the only question in this case is with regard to the sufficiency of the facts set forth in said petition. And preliminary to a decision of this question, we would say, that the petition in this case is not aided by any evidence, or by any finding or verdict, nor by the judgment of the court below. On the contrary, the finding and judgment of the court below are against the sufficiency of the petition, and all presumptions are in favor of the correctness of the decision of the court below. There has nothing transpired in this case to cure any of the defective allegations of the petition, and hence we must give to said allegations no more force or weight or value than they are justly entitled to. This, indeed, is also true with respect to the petition itself, taken as a whole.

It is not claimed that the petition is sufficient as stating a cause of action independent of the statute; and as we have before stated, we do not think that it is sufficient under the statute. The statute requires that the action should be brought in the county in which the animal was killed or wounded; but there is nothing in the petition, nor indeed in the whole case, that shows or states that this action was commenced in the county in which the plaintiff's animals were injured. This action was commenced in Marshall county; but the animals may, from anything appearing in the case, have been injured in any one of five different counties. Neither has the plaintiff under the statute any cause of action, unless at the time his animals were injured the defendant's road was not "inclosed with a good and lawful fence, to prevent such animals from being on such road." (Laws of 1874, page 144, § 5.) And a failure on the part of the plaintiff to allege in such an action that the defendant's road was not inclosed with a good and lawful fence at the time that the injury was done, is a failure to state a cause of action. (*K. P. Rly. Co. v. Taylor*, 17 Kas. 566.) The plaintiff's petition in this case is defective in this particular. The plaintiff in error is required to show affirmatively that the court below erred. Now has he shown

affirmatively that the court below committed error by failing to sustain this defective petition? We cannot say that the plaintiff in error has so shown, and therefore the judgment of the court below must be affirmed.

All the Justices concurring.