All the Justices concurring.

THE ST. LOUIS & SAN FRANCISCO RLY. CO. v. THOMAS P. BYRON.

1. RAILROAD STOCK LAW OF 1874; *Defective Complaints.* The stock law of 1874 makes provision for the recovery of a reasonable attorney's fee for the prosecution of a suit for damages for injuring or killing stock in the operation of railroads; therefore, there is less reason for favoring insufficient and defective complaints in those actions, than in the ordinary cases commenced in justices' courts.

2. ———— *Venue.* In an action prosecuted under the stock law of 1874, the bill of particulars must state or show that the stock was injured or killed in the county in which the suit was commenced.

*Error from Crawford District Court.*

ACTION under the stock law of 1874, brought by *Byron* against the *Railway Company*, to recover damages for killing a mare belonging to plaintiff. Trial at the April Term, 1880, of the district court, and judgment for the plaintiff for $90 as damages, $35 as attorney's fee, and for costs. A new trial being denied, the *Railway Company* brings the case here.

*H. H. Harding*, for plaintiff in error.

*Jas. T. Bridgens*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On November 13, 1879, the defendant in error brought his action under the stock law of 1874, before

a justice of the peace in Crawford county, to recover damages for the killing of a mare belonging to him. Judgment was rendered by the justice of the peace against the plaintiff in error, from which judgment an appeal was taken to the district court. The case was tried at the April term, 1880, of the district court of Crawford county. The plaintiff in error objected to the introduction of any evidence, on the ground that no cause of action was stated in the bill of particulars or petition. The objection was overruled by the court. This was error. The statute requires that the action shall be brought in the county in which the animal was killed, and there is an entire omission of any such allegation in the complaint. No cause of action was stated. (*K. P. Rly. Co. v. Taylor*, 17 Kas. 566; *Hadley v. Central Branch Union Pacific Rld. Co.*, 22 Kas. 359.)

Of course, when the court's attention was directed to this omission in the pleading, it might have authorized the omission to be supplied by amendment, but no order or motion was made to that effect, and the objection ought to have been sustained. In actions under the stock law of 1874, a reasonable attorney's fee for the prosecution of the suit is recoverable in favor of the plaintiff; and therefore, there is less reason for favoring defective pleadings in these actions than in the ordinary cases commenced in justices' courts. In this case, thirty-five dollars was allowed as attorney's fee. Certainly where the statute contemplates the employment of an attorney before the justice, and provides for compensation to be recovered from the opposing party, the attorney engaged should at least be careful to see that the complaint states facts essential to a cause of action; and if it fails so to do, on the first objection to any substantial omission, it should at once be corrected by amendment.

The judgment will be reversed, and the case remanded.

All the Justices concurring.