All the Justices concurring.

---

### THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v. ROBERT ARMSTRONG.

RAILROAD STOCK LAW; *Attorney-Fees.* Where a statute provides that defendant shall pay plaintiff's attorney-fees, he may fairly insist upon legal accuracy in the plaintiff's pleadings and proceedings, even before a justice of the peace; and where the bill of particulars alleges that "twenty-five dollars is a reasonable fee for the prosecution of this action," and contains no other allegation as to the value or necessity of attorney-fees, no judgment should in the absence of defendant be entered for a larger amount, though on appeal and in the district court, and this notwithstanding the bill prays for twenty-five dollars attorney-fee in a justice's court, and "twenty dollars as a reasonable fee for trial thereof in the district court."

*Error from Labette District Court.*

ACTION under the stock law of 1874, brought by *Armstrong* against the *Railway Company*, to recover damages for

36 — 25 KAS.

killing two calves belonging to the plaintiff. Trial at the February Term, 1881, of the district court, and judgment for the plaintiff. The defendant brings the case here. The opinion states the facts.

*H. H. Harding*, for plaintiff in error.

*Jess. Brockway*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action under the stock law of 1874, for killing two calves. Plaintiff obtained judgment before the justice of the peace, and the company appealed. At the trial in the district court, defendant did not appear, and plaintiff obtained judgment.

The specific error alleged is, that the plaintiff took judgment for more than by the allegations of his bill of particulars he was entitled to. This objection runs only to the amount awarded for attorney-fees, and not to that recovered for the value of the calves. The bill of particulars alleges that "twenty-five dollars is a reasonable attorney's fee for the prosecution of this action. In the prayer for judgment, it prays for the value of the calves, for twenty-five dollars attorney-fee in the justice's court, and "twenty dollars as a reasonable fee for trial thereof in the district court." The judgment in the district court was for thirty dollars attorney-fees. Now, if we look simply to the prayer in the bill of particulars, there was notice of a claim for attorney-fees in excess of that finally recovered, but if we look only to the allegations in the bill, the amount recovered was in excess of all allegations. What, under such circumstances, should be the rule of decision? Ordinarily, we think the rule is, that where full notice is given in the bill of particulars of the extent of plaintiff's claim, defendant is chargeable with such notice, and cannot complain of the manner in which such notice is given; and this because of the fact that ordinarily controversies before a justice of the peace are conducted by the parties, and without the intervention of attorneys.

Where, however, as in this class of cases, compensation for attorney-fees is claimed and awarded, the regularity and accuracy of pleadings and practice may fairly be insisted upon. If defendant is charged with the cost of the plaintiff's attorneys, he may well insist that technical accuracy is required. He should not be compelled to pay for plaintiff's attorney, and then permit the plaintiff to recover just as though he had no attorney.   Technically, no recovery can be had for anything which the facts stated do not justify. (*St. L. & S. F. Rly. Co. v. Byron,* 24 Kas. 350.)

The facts alleged justify a recovery of twenty-five dollars attorney-fees; the judgment is for thirty dollars attorney-fees. The error is in giving judgment for more than the facts alleged justify.   Under these circumstances we think the decision should be that the award of attorney-fees be reduced to the amount alleged to be reasonable in the bill of particulars, to wit, twenty-five dollars, and that otherwise the judgment be affirmed.

The costs of this court will be divided.

All the Justices concurring.