THE KANSAS CITY, FORT SCOTT & GULF RAILROAD COMPANY v. W. M. BURGE.

JURISDICTION — *Pleading — Evidence.* In a statutory action to recover the value of a colt killed by a railroad company in the operation of its trains, the pleading must allege and the evidence show affirmatively, that the action is brought in the county in which the animal was killed.

*Error from Bourbon District Court.*

AT the December term, 1886, the plaintiff *Burge* recovered a judgment for $150 damages, $35 attorney's fee, and costs.

The defendant *Railroad Company* brings the case to this court. The opinion (filed December 8, 1888) states the material facts.

*Wallace Pratt,* and *Charles W. Blair,* for plaintiff in error.
*Ware, Biddle & Cory,* for defendant in error.

Opinion by SIMPSON, C.: This action was commenced before a justice of the peace in Bourbon county, to recover the value of a colt killed by the railroad company in the operation of its trains in that county. There was an appeal to the district court, and a trial there. The only assignment of error necessary to consider here is, that the record fails to show that the court had jurisdiction. Our statute requires that the action shall be brought in the county in which such animal was killed or wounded. (*St. L. & S. F. Rly. Co. v. Byron,* 24 Kas. 350.) The petition filed in the district court avers the killing in Bourbon county; the answer was a general denial. There was no evidence given or offered at the trial that the killing occurred in Bourbon county. This being a jurisdictional fact, it must not only be stated in the pleading, but must be affirmatively proved on the trial. Counsel for defendant in error made an elaborate oral argument in which he insisted that the jurisdiction was inferentially shown by the record, because three or four of the witnesses examined stated that the killing occurred "at the crossing south of the cemetery crossing;" "south of *here* a mile or two;" "a couple of miles south of town;" and that *here* and *town* meant Fort Scott, the place of trial, and that judicial notice must be taken of the fact that Fort Scott is in Bourbon county. The trouble about this proposition is, that jurisdictional facts must be positively alleged and positively proven; and that while under some circumstances we might take judicial notice of the fact that Fort Scott is the county seat of Bourbon county, yet we will not take judicial notice that a locality mentioned in the proof as being outside of that city, is in Bourbon county. We have been unable to find a case wherein the jurisdiction of the court was sustained in a local action by the application of the rules

of judicial notice as to geographical facts. We are very reluctantly compelled to conclude that the venue was not proved. The following cases support this conclusion: *Mitchell v. Mo. Pac. Rly. Co.*, 82 Mo. 106; *Ellis v. Mo. Pac. Rly. Co.*, 83 id. 372; *Backenstoe v. W. St. L. & Pac. Rly. Co.*, 86 id. 492.

It is recommended that the judgment be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.