Loring v. Rockwood.

4. Immaterial error.

---

## JOHN LORING v. LEWIS ROCKWOOD.

1. TRESPASS; *Jurisdiction of Justice;* *Pleading.* A bill of particulars stated that the defendant set fire to prairie grass, and that the fire continued to burn and spread until it reached and burned the hay, posts and rails, and growing peach trees, of the defendant, and that such burning occasioned great damage to the defendant, to-wit, the amount of one hundred and sixty-one dollars and forty cents, the value thereof: *Held,* that the justice of the peace erred in dismissing the action on the ground that the cause of action stated in the bill of particulars was one for trespass on real estate, and beyond his jurisdiction.

2. PRACTICE; *Costs in Reversing Justice's Judgment.* On reversing, upon petition in error, the judgment of a justice of the peace, it is the duty of the district court to render judgment against the defendant in error for all costs that have accrued up to that time.

### *Error from Howard District Court.*

ACTION by *Rockwood,* brought originally in a justice's court. The justice dismissed the case for want of jurisdiction. *Rockwood* removed the case to the district court by petition in error, and said court, at the March Term 1873, reversed the judgment of the justice and taxed all the costs up to the time of the reversal against *Loring. Loring* now brings the case here by petition in error.

*Fay & Milton,* for plaintiff in error:

The justice's transcript contains all that is shown of Rockwood's cause of action. Section 6 of the justices act is conclusive upon the question of jurisdiction. Rockwood must affirmatively show a cause of action in which the justice had jurisdiction. It must appear in the record. Nothing will be presumed in favor of the jurisdiction of an inferior court. The district court erred in reversing the judgment of the justice, unless the record affirmatively shows that the justice had jurisdiction. We submit that the record does not show such a cause of action. If the statement of the cause of action in the justice's transcript leaves it doubtful as to whether said stated cause of action is trespass to real estate, then that construction most favorable to the adverse party must be given. *Certainty* is one of the common general rules of pleading, and it requires in setting forth the cause of action, that every fact without which there would appear to be no cause of action, or an incomplete ground of action, should be distinctly averred in a traversable form. Growing peach trees are real property, in any ordinary sense of the language. Trees growing are in the ground, or attached to the realty — a part of it. This is the reasonable construction. The court will not go off in search of unusual definitions where *certainty* is positively required.

If a party enters the close of another, and cuts down and carries away the trees, can an action be maintained for the damage, before a justice of the peace, where *more* than $100 is claimed? If so, then the statutes limiting the jurisdiction of the justice is nugatory — a meaningless farce.

Joining a trespass to personal property with a trespass to real property, and claiming damage for *more* than $100, is fatal to the jurisdiction of the justice.

2. The judgment of the district court does gross injury to plaintiff in error. As defendant before the justice he had a trial by jury, and a verdict in his favor, and a judgment thereon for costs of suit. On Rockwood's motion a new trial was granted, and then the justice dismissed the action for want of jurisdiction. But the district court adjudged Loring to pay all the costs of both trials. This is an injury which law and justice should not sanction.

*A. L. Williams,* for defendant in error:

1. The bill of particulars shows that the action is not for trespass to real estate. The trespass mentioned in § 6 of the justices act is the common-law trespass. (3 Blackstone, 209.) To constitute such a trespass, the wrongdoer must actually break and enter the premises of the plaintiff, and the injury done must be the immediate and not the remote result of the act complained of. The act which led to the injury must of itself have been an illegal one. The plaintiff must have been the owner and in possession of the premises. None of these things appear in this case. It does not appear even by inference that the property destroyed was upon the premises of the plaintiff. All of the property (except the trees,) was personal property; and the trees may have been personal property also, for all that appears in the record. This action was brought, and properly too, under § 2, ch. 118 Gen. Stat., p. 1122, and the justice had jurisdiction in the case; Laws of 1870, p. 181.

2. The costs were properly taxed. (Civil Code, § 566.) The fact that there had been a trial before a justice of the peace

resulting in favor of the plaintiff in error is immaterial. The justice had the right to grant a new trial (§ 110, Justices Act,) and having done so, the case stood as though it had never been tried.

The opinion of the court was delivered by

BREWER, J.: Rockwood brought his action before a justice of the peace. The bill of particulars is stated in the record to have been, in substance, "that the said John Loring on or about the 12th of November 1872, at the county of Howard, and state of Kansas, did then and there set the prairie grass on fire, and the said prairie continued to burn and said fire continued to spread until it reached and burned the hay, posts, and rails, and growing peach-trees, of the said Lewis Rockwood, which hay, posts, and rails, and growing peach-trees were in said county of Howard and state of Kansas. The burning occasioned great damage to the said Lewis Rockwood, to-wit: the amount of one hundred and sixty-one dollars and forty cents, the value thereof." The justice held that this was an action of trespass on real estate, and the damages demanded exceeding one hundred dollars that it was beyond his jurisdiction, and dismissed it. On petition in error, the district court reversed the judgment of the justice, and retained the case for trial. Plaintiff in error now seeks to reverse the judgment of the district court. We think the district court was right. It nowhere appears that Rockwood was in possession, either personally or by tenant, of the premises upon which the property destroyed was situated, or in any position to maintain an action for trespass on real estate. The property destroyed was personal property, or at least may have been, and there is nothing to show that it was so attached to the ground as to be part of the realty. This is clearly so as to the hay, posts, and rails. As to the growing peach-trees, they may have been growing in a nursery, and part of its stock. The action is for the destruction of this property, and not for the injury to the realty.

The case was tried once before the justice with a jury, and

judgment rendered for the defendant Loring. The justice set aside this judgment upon motion. A change of venue was then taken to another justice, by whom the case was dismissed. On reversing this judgment the district court rendered judgment against Loring for all the costs that had accrued up to that time. This was right, and in obedience to the plain direction of the statute. (Gen. Stat., p. 742, § 566.) The judgment will be affirmed.

All the Justices concurring.