*135 The opinion of the court was deliverd by
Horton, C. J.:
The defendant in error (plaintiff below) commenced an action against plaintiff in error (defendant below), before a justice of the peace. His bill of particulars stated substantially that he owned and was in the actual possession of certain inclosed lands; that the railway company constructed its railroad across the same, and failed and neglected to put in cattle-guards where the road entered and left his premises; that by reason thereof large numbers of cattle and other animals entered said premises at the places where the railroad entered and left the same, and damaged his growing crops in the sum of $250; that during all this time the defendant, in trying to prevent the destruction of his crops, drove out the stock and herded them from said lands, and averred his services were worth $50; and he therefore claimed judgment for $300. He recovered judgment before the justice for $282.50, the railway company not appearing. An appeal was taken to the district court by the railway company, and the cause came on for trial at the August term, 1881. -Judgment having been rendered against the railway company for $157.50 and costs, the latter duly excepted, and brings the case here.
It is first objected that the district court had no jurisdiction, on the ground that the justice before whom the bill of particulars was filed.'was without jurisdiction, as it is urged that the action was one of trespass to real estate, and the amount claimed exceeded $100. It is certainly clear that under §6, ch. 81, Comp. Laws 1879, justices have jurisdiction in actions for trespass on real estate only where the damages demanded do not exceed $100. But we do' not think the bill of particulars shows that the action is for trespass to real estate within the terms of § 6. Trespass therein mentioned is the common-law trespass, or trespass denominated quare clausum fregit. This is the name of a remedy which lies to recover damages when the defendant has unlawfully and wrongfully trespassed upon the real estate of the *136 plaintiff. Under the rules of'the common law, this action would be styled “an action on the case.” The injuries alleged are consequential from the failure and neglect of the railway compariy to put in cattle-guards where the road entered and left the premises. The gravamen of the charge is, that the railway company neglected to make proper cattle-guards, and on account of this negligence, or disregard of the statute, (Laws of 1869, ch. 81, §1; Comp. Laws of 1879, p. 785,) numbers of cattle and other animals entered upon the premises of plaintiff below and committed the damages complained of upon his growing crops. There is no statement in the bill of particulars that the railway company wrongfully and without the consent of the owner entered upon his real estate, and we may denominate, under our system of pleading, the cause of action alleged in the bill of particulars against the railway company as one for negligence; being on its part breaches by omission of positive duty required of it by the statute. The motion to dismiss under this view was properly overruled.
The second objection is, that several causes are improperly joined. The bill of particulars substantially charges that, to avoid further damages, plaintiff below drove out the stock and herded them, at a cost of $50. We do not think' this objection tenable. The owner of the crops, upon ascertaining that injuries were being done thereto by the cattle and other animals which had entered at the places where the railway company had failed to erect suitable cattle-guards, was bound to use at once proper diligence to prevent further injuries to his crops. The plaintiff below had the right to bring his action upon the whole case to recover the damages-for all the injuries resulting from the negligence of the railway company; and in this case these damages included his-claim for his services in preventing a greater destruction to his crops. There was no impropriety in adjusting the whole claim in one controversy. In the case of Tightmeyer v. Mongold, 20 Kas. 90, referred to, the party attempted to waive the tort and sue upon contract. We held in that case that- *137 the trespass could not be treated as a sale, and therefore, as no implied promise was shown, that the action of contract could not be upheld. Here the recovery was based upon wrongful acts of the railway company in neglecting the statutory requirements with reference to putting in suitable cattle-guards upon its road, whereby cattle damaged the growing crops; and it was not improper to include in the claim for damages the value of the services to prevent additional damages thereto by driving out and herding the stock, which had entered by the negligent and injurious omissions of duty on the part of the railway company.
The judgment of the district court will be affirmed.
All the Justices concurring.