32 217
44 328
32 217
45 187
45 620
32 217
50 659

## The Missouri Pacific Railway Company v. Thomas Morrow.

1. **Evidence, Admitted; No Objection — No Error.** A trial court can seldom err in admitting evidence where no reason of any kind is given for its exclusion. And *held*, that the court below did not err in the present case in this respect.

2. **Cattle-Guards; Duty of Railway Company.** It is always the duty of a railway company operating a railroad to see that proper cattle-guards exist wherever its railroad enters or leaves improved or fenced land, whether such railway company owns the railroad, or is simply operating it under a lease.

3. ———— *Proper Cattle-Guards.* Proper cattle-guards are such as will prevent cattle from passing along the right-of-way of the railway company into an improved or fenced field.

### Error from Coffey District Court.

The opinion states the facts. Trial at the July Term, 1883, and judgment for plaintiff *Morrow*, against *The Railway Company*, for $150 damages and costs. This judgment the defendant company brings here for review.

*W. A. Johnson*, for plaintiff in error.

*Fearl & Frazier*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced originally by Thomas Morrow against the Missouri Pacific railway company before a justice of the peace of Coffey county, to recover damages alleged to have been caused by the failure and refusal of the railway company to construct proper cattle-guards on such railway where the same entered and left a certain field in the possession of and occupied by the plaintiff, whereby cattle entered his field, injured his crops, and caused him to expend time and labor in protecting his crops. After trial and judgment in the justice's court, the case was appealed to the district court, where the case was again tried, before the court and a jury.

It appears from the evidence that the railway was constructed in 1870, by the Missouri, Kansas & Texas railway company, and that afterward, to wit, in 1881, and since, it has been operated by the Missouri Pacific railway company. The record does not show by what right or authority the Missouri Pacific railway company operates the road, but counsel for the Missouri Pacific railway company in his oral argument in this court, stated that it was by a lease from the Missouri, Kansas & Texas railway company. At the time the railway was constructed, the land which now composes the field in question was unoccupied, unimproved and unfenced prairie land, and it remained in that condition up to 1881, when a portion of the land was plowed, and, in March and April, 1882, the land was fenced and crops were planted on that portion of the land which had previously been plowed. The railway was constructed through this land, leaving a portion of the land on each side of the road, but the plowed land was all on one side of the road. The land at all times belonged to L. DeWitt, but it was hired by the plaintiff, Thomas Morrow, who had the full possession and control thereof. The fence was built on each side of the railway up to and on the company's right-of-way, but no fence was built across the road, and a space was left on each side of the railway track from fifteen to

twenty feet wide, from the fence to the railway track. The damages claimed were for injuries alleged to have been done to the plaintiff's crops by cattle passing along the defendant's right-of-way into the plaintiff's field, and upon the plaintiff's crops, and also for the plaintiff's time and labor in keeping cattle away from his field by watching the field and in building an additional fence. A verdict and judgment were rendered in favor of the plaintiff and against the defendant for $150 damages, and the defendant, as plaintiff in error, now brings the case to this court.

Several errors are alleged in this court, some of which it is not necessary to notice. The first error alleged is the admission of improper evidence, over the objections of the railway company. This question, or rather these questions, arose as follows: Various questions were put by the plaintiff to his witnesses to which the defendant objected, but the court overruled the objections, and permitted the witnesses to testify. The record shows the objection: to each of the questions, the ruling of the court thereon, and the exceptions taken to such ruling, as follows:

"To which question the defendant objected; objection overruled, and excepted to by defendant, and witness testified."

"This question was objected to by defendant; objection overruled, and ruling excepted to by defendant, and the witness answered."

"Objected to for same reason as last question, and same ruling and same exception, and witness answered as follows."

These are fair specimens of all the other objections, rulings and exceptions made or taken with regard to the evidence. Now it is not obvious from the questions put to the witnesses that the evidence to be elicited thereby would have been incompetent or improper; and we cannot even say that the evidence actually given by the witnesses in answer to these questions was incompetent or improper. But even if it was, we cannot say that the court below erred in admitting it, for a trial court can seldom err in admitting evidence where no reason of any kind is given for its exclusion; and in the present case no reason was given why the evidence should be excluded.

The main point, however, made by the defendant in this case is, that a railway company not owning the railway but simply operating it under a lease, is not bound under the statutes to construct cattle-guards on such railway; and as authority therefor, the defendant quotes §37, art. 2, ch. 84 of the Compiled Laws of 1879, which reads as follows:

"When any railroad runs through any improved or fenced land, said railroad company shall make proper cattle-guards on such railroad when they enter and when they leave such improved or fenced land."

The defendant, plaintiff in error, also cites the case of *St. L. W. & W. Rly. Co. v. Curl*, 28 Kas. 622, as authority for this position. Now it is generally true, as decided in that case, that when a railway company constructs a railway it is bound to construct proper cattle-guards; but this principle of law does not apply to the present case; for during all the time that the Missouri, Kansas & Texas railway company, the constructor of this railway, operated the same, the land which now constitutes the plaintiff's field was neither improved nor fenced. But whatever may be the duty of a railway company constructing a railway, we think it is always the duty of a railway company operating the same to see that proper cattle-guards exist wherever its railway enters or leaves improved or fenced land; and taking this view of the case, it was the duty of the defendant to see that proper cattle-guards were in existence where its railway entered and left the plaintiff's field.

The next point that the plaintiff in error, defendant below, makes is, that the plaintiff below fenced his land only up to the right-of-way of the railway company, and did not fence the land up to the railway track, and therefore that there was a space between the railway track and the fence where the cattle could enter, and therefore that the plaintiff cannot recover. This point, however, has already been decided by this court adversely to the position of the plaintiff in error. (*Mo. Pac. Rly. Co. v. Manson*, 31 Kas. 337.) Proper cattle-guards are such as will prevent cattle from passing along the right-of-way of the railway company into an improved or fenced field.

All questions of fact with reference to damages were left to the jury, and properly left to the jury. It was left to the jury for them to determine whether the defendant delayed constructing proper cattle-guards for an unnecessary and an unreasonable length of time; and it was also left to the jury for them to determine what the amount of the plaintiff's damages should be, giving him reasonable compensation for his loss and he using reasonable means for the protection of his crops.

The judgment of the court below will be affirmed.

All the Justices concurring.