## THE MISSOURI PACIFIC RAILWAY COMPANY v. FLORA R. RICKETTS.

1. CATTLE GUARDS—*Duty of Railroad Company.* It is the duty of a railroad company operating a railroad to see that the proper cattle-guards exist wherever the track of the operated railroad enters or leaves inclosed or fenced land, whether such railroad company owns or is operating the railroad under a lease.

2. DAMAGES—*Claim for Driving Out and Herding Stock.* In an action for damages caused by the neglect of a railroad company operating a railroad which it owns or leases to keep the cattle-guards in repair at the place the track enters and leaves the inclosed or fenced

land of the complaining party, that party has the right to include in his claim for damages the value of his services and that of his children in driving out and herding stock to prevent further and additional damages.

*Error from Anderson District Court.*

THE opinion contains a sufficient statement of the case.

*W. A. Johnson,* for plaintiff in error.
*Kirk & Bowman,* for defendant in error.

Opinion by SIMPSON, C.: The defendant in error commenced three several suits before a justice of the peace of Garnett, Anderson county, Kansas, and judgments were taken and the cases appealed to the district court, where the cases were consolidated and tried as one case. The several suits were for damages alleged to have been sustained by defendant in error for failure to put in and maintain cattle-guards on the line of road running through defendant's premises, which were particularly described in the bills of particulars. It is alleged in the several bills of particulars that the Missouri Pacific Railway Company owned, operated and controlled the railway running through the premises of Flora R. Ricketts. The Missouri Pacific Railway Company denied that it owned or controlled a line of railway running through the premises of Mrs. Ricketts, and says that it is not liable for a failure to construct cattle-guards on said railway. At the September term, 1887, the case was tried before the court and jury. The jury returned answers to special interrogatories as follows:

"1. What was the value of the services of Flora R. Ricketts per day for what she did about herding the cattle out of her crops? A. 50 cents per day.

"2. How many days did Flora R. Ricketts spend in and about herding her crops? A. One hundred and twenty-five days.

"3. Did Flora R. Ricketts devote all of her time to the keeping the cattle out of her crops? A. No.

"4. What do you allow Flora R. Ricketts, if anything, per day for herding the cattle out of her crops? A. $1 per day.

"5. What amount do you allow plaintiff for her children in searching her crops to keep cattle out of the crops? A. 50 cents per day.

"6. What amount do you allow plaintiff for the destruction of the oats crop? A. $5.33⅓.

"7. What amount do you allow plaintiff for loss of corn? A. $10.66⅔.

"8. Did the plaintiff keep the cattle out of her crops from the 1st day of April, 1887, to the 1st day of August, 1887? A. No.

"9. Who owns the railroad which runs through the land on which plaintiff's crops were injured? A. Missouri Pacific Railway Company.

"10. Did the plaintiff devote all her time to watching and herding the cattle out of her crops from April 1, 1887, to August 3, 1887? A. No.

"11. Did plaintiff attend to her usual household duties during all the time from April 1, 1887, to August 3, 1887, and watch the field from her house, and when the cattle came to the field send her children to drive the cattle away? A. No.

"12. Did the plaintiff have any person herd or watch her crops from April 1, 1887, to August 3, 1887, except her children — one of about 12 years of age, and one of the age of about 9 years? A. No.

"13. What amount in the aggregate for damages to crops by cattle in this action? A. $14.

"14. What amount do you allow to plaintiff in this action in the aggregate, in addition to the amount allowed as damages to the crops? A. $125."

A judgment was rendered in favor of Mrs. Ricketts for $139.

I. After the plaintiff below had introduced all her evidence and rested her case, the railway company filed a demurrer to her evidence, for the reason that the evidence on behalf of the plaintiff did not prove a cause of action in her favor, which demurrer was overruled by the court, and defendant excepted to the judgment of the court in overruling said demurrer. This is the first error complained of.

Robert Wing, the station agent of the Missouri Pacific Railway Company at Garnett, was called as a witness, and after

testifying to his agency, stated that on the 1st day of April, 1887, the Missouri Pacific Railway Company was operating the K. N. & D. line through Anderson county, and had been since about the 1st day of March; that they ran trains, collected fares and charges, and had full control. In view of this showing, we think the trial court ruled properly on the demurrer to the evidence. In the case of *Mo. Pac. Rly. Co. v. Morrow*, 32 Kas. 217, it is said:

"It is always the duty of a railroad company operating a railroad, to see that proper cattle-guards exist wherever its railroad enters and leaves improved or fenced land, whether such railway company owns the railroad or is simply operating it under a lease."

II. It may be that there is not sufficient evidence to justify the jury to say in answer to the ninth special interrogatory, that the Missouri Pacific Railway Company owned the line that runs through the land of Flora Ricketts, but as there was proof that it was being operated by that company its ownership is immaterial.

III. It is claimed that the amount of recovery is too large; that if the plaintiff below undertook to protect her crops at the expense of the railroad company she should not be allowed for injury to the crops. This objection is covered by the cases of *St. L. & S. F. Rly. Co. v. Sharp*, 27 Kas. 134; and the same company *v. Ritz*, 33 id. 408, which hold substantially, that for damages resulting by the omission of the railroad company to perform a plain duty under the statute, the injured party has the right to include in his claim for damages the value of his services in driving out and herding stock to prevent further and additional damages. The cases cited are sufficient in all respects to sustain the rulings and judgment of the trial court.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.