## The Kansas City, Fort Scott & Memphis Railroad Company v. Charles M. Grimes.

1. Conflicting Evidence — *Verdict, When not Disturbed.* Where there is some evidence to support the verdict of the jury, which has received the approval of the trial court, the same will not be disturbed by the supreme court, although the evidence may be conflicting, and the preponderance of the evidence may seem to be against such verdict.

2. Defective Cattle Guard — *Stock Killed on Track.* Evidence examined, and found that there was testimony showing the defective condition of the cattle guard, and that the employés of the railroad company knew of such defect before the killing of the animals for which suit was brought.

### *Error from Bourbon District Court.*

Action by *Grimes* against the *Railroad Company* to recover damages for killing two colts belonging to plaintiff. Judgment for plaintiff on December 14, 1889 — Hon. E. F. Ware, judge *pro tem.*, presiding. The defendant company brings the case here. The opinion states the facts.

*Wallace Pratt*, and *Charles W. Blair*, for plaintiff in error:

The contention of defendant in error, plaintiff below, is, that the animals were struck on the right-of-way, outside the public highway, whilst ours is that they were struck on said highway. This is the main point in the case; for, if the animals were struck on the public highway, it doesn't matter what was the condition of our cattle guards, or whether we had any, or any fence at all, the same being wholly immaterial to the issue, and the judgment below must be reversed.

Counsel for plaintiff in error reviewed the evidence, and, in conclusion, urged that the judgment below be reversed, and sent back with instructions to the court below to enter judgment in favor of the defendant, upon all the testimony in the case.

*Ed. C. Gates*, and *Humphrey & Hudson*, for defendant in error:

This court has frequently held that it is the province of the

jury to pass upon disputed questions, and that it would rarely if ever disturb a verdict of a jury approved by the trial court when the only question in the case was such a question of fact; that question being properly submitted by the trial court and approved by the court trying the case. Such is the history of this case. *Seip v. Patrie,* 17 Kas. 13; *Winstead v. Standeford,* 21 id. 272; *Jones v. Inness,* 32 id. 177; *Weir v. Plow Works Co.,* 36 id. 460; *Stratton v. Hawk,* 43 id. 538. It seems to us that these decisions fully cover this case, and that this court will not at this time feel called upon to reverse what it has already said and done.

Opinion by GREEN, C.: This was an action against a railroad company for killing two colts valued at $150. It was alleged in the bill of particulars that, at the place —

" Where the colts came upon said railroad, and where they were so run over and killed, said railroad was not then inclosed with a good and lawful fence to prevent animals from being on said road, said places being in Osage township, in in said Bourbon county, the fence on each side of said places not being then a lawful and sufficient fence, and the alleged cattle guards nearest said places then being wholly insufficient to keep said colts or other animals from being on said road; that, by said killing of said colts, plaintiff was and is damaged in the sum of $150; that more than 30 days prior to bringing this suit plaintiff made demand upon defendant for the payment of the full value of said colts and the damages so sustained, which payment the defendant has ever since failed and refused to make."

The case was first tried before a justice of the peace, and appealed to the district court, where it was again tried, and a verdict rendered in favor of the plaintiff for $203.50. The railroad company brings the case here. No question is raised but that the animals were killed about the time and near the place alleged.

The point is made that the decision of this case must turn upon the question of fact as to where the animals were struck and killed — if upon the highway, the judgment of the district court should be reversed; if upon the railroad right-of-

way, outside of the crossing, and the animals got on the right-of-way by reason of not being properly inclosed, the judgment should be affirmed.    The defect, if any, in the inclosure of the right-of-way was in the cattle guard.    There was a highway 40 feet wide over the railroad.    One of the colts was found 60 feet north of the cattle guard, on the right-of-way, and the head and shoulders of the other were located 160 feet north of the crossing.    The remaining portion of the animal was found 690 feet north of the cattle-guard, on the right-of-way.    It seems that the slats which formed a part of the cattle guard were from $3\frac{1}{2}$ to 8 inches apart; that the pit underneath was only from 10 to 12 inches deep.

The plaintiff testified that he saw tracks of colts down in the cattle guard; that there were marks on the north side, but he could not tell just what they were.    Another witness testified that he saw some tracks in the cattle guard going north ; that on the other side he saw what appeared to be a track coming upon the north side and inside the right-of-way. A third witness swore that he saw one track made by a colt or small horse's foot in the cattle guard the morning the colts were found killed.    The engineer testified that he was going north with a heavy freight train, and reached the crossing about 8 o'clock in the evening, the train running at the rate of 15 miles an hour; that it was dark, and, just before he reached the crossing in question, two horses ran across from east to west in front of the engine; that he saw one horse down in the cattle guard under the pilot; that when the engine reached the crossing, he saw a horse ahead of the engine just before the engine knocked it down.    He saw only one horse; that he first saw the horses 40 feet from the crossing. The fireman did not see the animals.    This accident occurred about the 26th day of November, 1888.

We are free to say that the evidence in this case is not clear as to where the animals were struck and killed.    There were no special findings.    The court instructed the jury that if the animals killed were struck by the engine and cars anywhere

upon the highway they should find for the defendant. The testimony was all submitted to the jury under proper instructions from the court. There was some evidence to support the verdict returned by the jury. This court cannot weigh and determine the preponderance of evidence as it is presented here upon paper. This court has often said that where there is some evidence to sustain the verdict of the jury, and the verdict has been approved by the trial court, the findings of the jury will be held conclusive in the supreme court, although there may be a conflict of evidence and the preponderance thereof may seem to be against the verdict. (*Jones v. Inness*, 32 Kas. 181.)

The point is made by the plaintiff in error that there is no evidence to fix the liability of the railroad company for the alleged defect in the cattle guard; that while there is evidence tending to show that on the morning after the colts were killed there was only a depth of from 10 to 12 inches below the surface, there is nothing to show how long it had been in that condition or that it was in that condition when the colts were killed. The accident occurred about 8 o'clock the night before; so, it was so near the time that we would be safe in assuming that there had been no change. It seems from the evidence of one witness that there had been some trouble about this cattle guard before the accident in question, and he went to the section boss and called his attention to the condition of the guards; that they were so close together that the plaintiff's horses walked over it. He also went to the station agent about it. The section boss afterwards and before the accident fixed the cattle guard by taking out some of the rails and separated those that remained, so that the feet of the animals attempting to pass over it would go down to the ground. We think there was some evidence to establish the fact that the cattle guard was defective, and that employés of the railroad company had had their attention called to such defects. The law imposes the duty upon a railroad company to see that proper cattle guards exist wherever they are required to be constructed. (*Mo. Pac. Rly.*

*Co. v. Morrow*, 32 Kas. 217.)　There was sufficient evidence, we think, to show that the railroad company had some notice as to the defective condition of the cattle guard.　It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.