SARAH E. WILKINS V. BARNEY LEE, JR., *et al.*

No. 14,541.    (85 Pac. 140.)

SYLLABUS BY THE COURT.

TRESPASS—*Real Estate—Bill of Particulars.* The bill of particulars involved in this controversy examined and held not to state a cause of action for trespass on real estate within the meaning of section 6 of the code of civil procedure before justices.

Error from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed March 10, 1906. Affirmed.

*J. M. Challiss,* for plaintiff in error.

*Adams & Conlon,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The question for decision in this case is whether a bill of particulars filed before a justice of the peace states a cause of action for trespass on real estate. If it does the matter was beyond his jurisdiction, the damages claimed exceeding $100. (Justices' Code, § 6; Gen. Stat. 1901, § 5233.)

The justice rendered judgment for the plaintiff. The defendant appealed to the district court and the plaintiff was again successful. The question of jurisdiction was first raised by a motion filed after the trial in the district court. The motion was denied. The defendant then commenced a separate suit to enjoin the enforcement of the judgment of the district court on the ground that it is utterly void. Having been denied that relief he prosecutes this proceeding in error. The bill of particulars reads as follows:

"Plaintiff for cause of action alleges: That he is the owner by lease of certain crops, to wit, corn, hay, and grass, on what is known as the Cavanaugh farm, in Mount Pleasant township, Atchison county, Kansas, and at all times hereinafter mentioned was such owner

21—73 KAN.

of said crops so growing on said premises; that the defendant is the owner of certain cattle which were kept on adjoining land part of the time, and permitted them to trespass upon the land of this plaintiff, and permitted the division fence between the land of the plaintiff and the land on which she permitted said cattle to run to become down so that the same was not a legal fence or sufficient to prevent the said cattle from trespassing upon the land of this plaintiff, and said cattle did trespass upon the lands of this plaintiff, and did enter thereon through the said insufficient fence of the defendant, and did tramp down and eat and destroy all the corn on fourteen acres thereof, and did damage and destroy a part of a twenty-acre field, and did tramp, eat and destroy several acres of grass and meadow of the plaintiff; in all to his damage in the sum of $200.

"Whereof, plaintiff asks judgment against the said defendant for the sum of $200 and the costs of this action."

It has been decided by this court that the action referred to in section 6 of the justices' code is the equivalent of the common-law action of trespass *quare clausum fregit.* (*Kaub v. Mitchell,* 12 Kan. 57, 60; *St. L. & S. F. Rly. Co. v. Sharp,* 27 Kan. 134.) It has also been decided by this court that trespass *quare clausum fregit* is a possessory action brought because of a disturbance of the peaceable possession of plaintiff. (*Hefley v. Baker,* 19 Kan. 9.)

The gist of the action is the wrongful entry—the breaking in upon and the interruption of the quietude of the plaintiff's possession, and whatever follows in the nature of damages to buildings, fences, crops or other property is mere aggravation. To maintain the action, possession of the premises upon which the property destroyed is situated, by the plaintiff personally or by his tenant, is indispensable. (*Loring v. Rockwood,* 13 Kan. 178, 181; *Fitzpatrick v. Gebhart,* 7 Kan. 35, 42.) The decisions of other states to this effect are collated in volume 46 of the American Digest, Century edition, page 295. Without something

to indicate that the pleader intended to allege and rely upon possession as an element of his cause of action no issue could be framed upon that subject; no proof could be offered concerning it, and no judgment could be rendered presupposing possession in the plaintiff.

The bill of particulars contains no allegation relating to possession. Much stress is laid upon the fact that it makes several references to "land of the plaintiff." The first paragraph, however, limits the meaning of all such expressions to the Cavanaugh farm in Mount Pleasant township, which, so far as the pleading shows, may have been in the possession of Cavanaugh or any one else other than the plaintiff, with no right in the plaintiff under his lease except to enter and gather his corn and cut his meadow.

The allegations relating to the negligence of the defendant in permitting the division fence between the lands of the respective parties to become defective, so that it no longer constituted a legal fence, are quite foreign to an action of trespass *quare clausum fregit*. They are, however, characteristic of an action on the case for damages occasioned by cattle negligently allowed to escape, and clearly indicate the theory upon which the bill of particulars was drawn.

It is immaterial that the allegations may not be entirely sufficient to make a case under the fence law. That fact does not destroy jurisdiction, and the pleader certainly did not intend to state a case which the court could not try at all. It is immaterial that growing crops and hay are regarded for almost all purposes as forming a part of the real estate. Trespass on the case was a common form of action for the recovery of damages for injuries to such property, and that it may be employed under circumstances similar to those under consideration is shown by the decision in *St. L. & S. F. Rly. Co. v. Sharp,* 27 Kan. 134.

If the character of the action were more doubtful than it appears to be the bill of particulars should be

given a liberal interpretation in favor of jurisdiction. The plaintiff in error submitted to the authority of both courts until each one had decided against him, and now ought not to be permitted to defeat the jurisdiction he so long acknowledged upon any but the most meritorious ground.

The judgment of the district court is affirmed.

All the Justices concurring.