THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY v. HENRIETTA MATSON.

No. 15,257. (94 Pac. 1134.)

Error from Sedgwick district court; THOMAS C. WILSON, judge. Opinion filed March 7, 1908. Affirmed.

*M. A. Low, Paul E. Walker, W. E. Stanley, R. R. Vermilion,* and *Earle W. Evans,* for plaintiff in error.

*William Keith, Kos Harris,* and *V. Harris,* for defendant in error.

*Per Curiam:* The questions presented for decision in this case are all determinable by the application of familiar principles of law and rules of procedure.

The action in the city court was a statutory action for damages and for attorney's fees, based upon the negligence of the defendant in failing to equip one of its engines with proper appliances to prevent the escape of fire. The breaking in upon, and the disturbance of the quietude of, the plaintiff's possession of land was not the gist of the action at all. True, the bill of particulars states that the plaintiff was "possessed" of the real estate in question, but it is perfectly manifest that possession was not relied upon as an essential element of the cause of action. The action not being one in the nature of trespass *quare clausum fregit* at the common law (*Wilkins v. Lee,* 73 Kan. 321, 85 Pac. 140) the city court had jurisdiction, and the district court acquired jurisdiction by the appeal.

The method of proving damages contended for by the defendant is correct, and it would have been more consonant with good practice if it had been followed exclusively; but as applied to the facts of this case it borders upon the theoretical. Since the burned area seems to have been of the same value per acre before the fire as the remainder of the land, the injury was in fact confined to the burned portion, and, as one witness expressed it, to get the damage to the entire tract you would simply have to distribute the damage to the burned part over the remainder of the land.

The court properly rejected the evidence whereby it was sought to compare the grass on the plaintiff's land with that

Memorandum Decisions.

growing upon other people's land, because it would have opened up too large a field of collateral inquiry.

The abstract furnishes no evidence and no statement relating to evidence upon which the fourth instruction requested by the defendant might have been based. The sixth requested instruction is covered by the instructions given.

The judgment of the district court is affirmed.